CARROLL v. CITY COMMISSION OF CITY OF GRAND RAPIDS.

1. CERTIORARI—EVIDENCE.
   On appeal in nature of certiorari to review determination of city commission, acting as civil service board, removing superintendent of police from office, Supreme Court will weigh evidence to ascertain whether any substantial basis for removal existed, not for purpose of forming an independent judgment.

2. OFFICERS—CIVIL SERVICE—INSUBORDINATION—PRESS INTERVIEW.
   It was not an act of insubordination, under circumstances, for appellant, a superintendent of police subject to civil service provisions of city charter, to grant an interview to the press

and state that he had been asked to resign by the city manager, would not give up, it would be necessary for city commission to act in the matter and there was nothing appellant could be charged with.

3. SAME — CIVIL SERVICE — INSUBORDINATION — MALFEASANCE — LONG DISTANCE TELEPHONE CALL.

It was not an act of insubordination or malfeasance for superintendent of police, subject to civil service provisions in city charter, to attempt to locate his superior officers, the city manager and members of the city commission, by long distance telephone call made at request of and paid for by a newspaper seeking approval of said officials for publication of opinion prepared by city attorney at their behest.

4. SAME—REMOVAL FROM OFFICE—PROFANITY.

Removal of superintendent of police, subject to civil service provisions of city charter, because he may have been profanely emphatic at times under stress of occasions necessarily incident to discharge of his official duties seems decidedly captious upon complaint of such character for first time, where civil service board lauded him for "continued and faithful service * * * rendered to the city * * * for many years" and recommended a pension.

5. SAME—CAPTIOUS REMOVAL FROM OFFICE.

Superintendent of police, subject to civil service provisions of city charter, may be removed from office only for such causes as may relate to the administration of the office in a material way that affects the rights and interests of the public and cannot be captiously removed on trivial or technical grounds.

6. SAME—REMOVAL FROM OFFICE—PRIVATE CHARACTER.

Misconduct, to warrant removal of officer, must be such as affects his performance of his duties as such officer; but if it affects his private character only, such as eccentric manner, indulgence in coarse language or talking loudly on the streets, however offensive, it will not warrant removal.

7. SAME—CIVIL SERVICE BOARD—DISQUALIFICATION.

Contention that certain members of civil service board before which hearing on removal of officer was held had prejudged case and were disqualified by prejudice, not considered where substantive aspects of removal from office were reviewed and it was held improper.

Appeal from City Commission of City of Grand Rapids. Submitted October 6, 1933. (Docket No. 96, Calendar No. 37,336.)   Decided December 5, 1933.

Albert A. Carroll was removed by City Commission of City of Grand Rapids, acting as Civil Service Board, from office of superintendent of police. Order of removal is reviewed by appeal in nature of certiorari. Reversed, and order of removal vacated.

*Cornelius Hoffius* and *Ganson Taggart* (*Russell Van Kovering,* of counsel), for appellant.

*Robert S. Tubbs* and *Charles J. Zamiara,* for appellee.

NORTH, J.   Plaintiff has appealed by certiorari from an order and determination of the Grand Rapids city commission, acting as a civil service board, removing him from the office of superintendent of police.  Appellant complains that the charges for which he was removed were not sustained by the testimony; that the action taken against him by the civil service board was arbitrary and captious; that members of the civil service board were prejudiced and disqualified; and that appellant was denied a fair and impartial hearing.

Appellant held his office under the civil service provisions of the Grand Rapids charter which charter provides in an office of this type the occupant may "be removed by the city commission for official misconduct or for unfaithful or improper performance of the duties of his office or employment or for ineligibility."   Grand Rapids City Charter, title 5, § 24.   There is also provision for service of a copy of the charges made, notice of hearing and oppor-

tunity to defend, and that a majority vote of the city commission-elect is necessary for removal from office.

Asserting his power to act under the provisions of the city charter, the city manager gave appellant written notice of his summary discharge from office for the following reasons:

"1. That you have been guilty of insubordination in office by appealing to the public sympathies through the press and the publishing of misleading reports concerning the city manager, who, as director of public safety, is your superior officer.

"2. That you have been guilty of insubordination and malfeasance in office by subjecting the taxpayers of this city to the expense of a wholly unwarranted telephone call to the city of Chicago in an attempt to determine the whereabouts and the activities of certain members of the city commission and the city manager, all of whom were your superior officers.

"3. That you have been guilty of misfeasance and malfeasance in the conduct of your office by using, on numerous occasions, the particulars of which will be furnished if and when a hearing is held hereon, excessive and unnecessary profanity in the presence of divers good citizens."

Appellant appealed to the civil service board "in answer to the charges preferred against him by the city manager, and requests the unbiased judgment of said board on the hearing of said appeal." He answered and denied the charges made against him. Hearing was had before the seven members of the city commission sitting as a civil service board. Five voted for appellant's removal, two against it. Four signed a report wherein it is recited that they found

the superintendent of police guilty of the first and third charges and further:

"Regarding the second charge, we find A. A. Carroll, aided and abetted by the Grand Rapids Press, is guilty of official misconduct and insubordination towards his superior officers. The evidence clearly shows however that the telephone bills were paid by the newspaper. * * *

"In view of the foregoing verdict, we would, therefore, concur in the recommendation of the city manager and recommend that suspension be made permanent."

To the report the following was appended:

"Owing to the continued and faithful service that Mr. A. A. Carroll has rendered to the city of Grand Rapids for many years, we would recommend to the city commission that he be pensioned at the rate of $50 per month during his lifetime."

Right of judicial review is not challenged; and counsel for the respective parties do not materially disagree as to the scope of such review.

"But the settled rule of law is that if there be evidence upon which the trial tribunal may reasonably found its conclusion of guilt or innocence, this court will not reverse the judgment by weighing the testimony for the purpose of forming an independent judgment. If the judgment of the trial court can be fairly supported by the record, the duty of this court is at an end so far as further investigation is concerned." *Martin* v. *Smith,* 100 N. J. Law, 50 (125 Atl. 142).

"Ordinarily the evidence will be examined by the court only for the purpose of ascertaining whether it furnished any substantial basis for the removal." 2 McQuillin, Municipal Corporations (2d Ed.), § 593.

It follows that the scope of this appeal is limited to determining whether the testimony taken fairly

tends to support a finding that there was a substantial or reasonable basis as charged for removing appellant from office on the ground that he was guilty of official misconduct.

The first of the charges is that of "insubordination in office." This is based not upon any act that had to do in any way with the discharge of appellant's official duties. Instead the complaint is of an interview with him which was published in a local paper wherein he was quoted as saying he had been asked to resign by the city manager, who as the director of public safety had "supervision, charge, and control of the police and fire service;" and further:

"I have won these fights before and I know no reason why I should give up now; it will be necessary for the city commission to act in the case; charges will have to be filed against me, and there is nothing I could be charged with."

Previous to this interview the city manager had requested a third party to inquire of appellant if he had any plans relative to resigning from office, stating that if this was done the city manager would like to go before the common council and "acknowledge the faithful service he has rendered the people of Grand Rapids and see that a fitting tribute is paid to his years of service." This, if not a request to resign, was, to say the least, quite suggestive. Whether granting the interview to the press was an exercise of good judgment or otherwise is beside the point. It was in no sense an act of insubordination.

The second charge of insubordination and malfeasance in office involves a long distance telephone call which, at the request of the same newspaper, appellant made to Chicago and sought through a police officer there to ascertain if the city manager

and five of the city commissioners were registered at a Chicago hotel. The testimony discloses that the inquiry was prompted on the part of the newspaper because of its desire to obtain from the city attorney for publication an opinion which the attorney had prepared for the city commissioners, and which he refused to give to the press except the consent and approval of the proper city officials were first obtained. While the telephone inquiry failed to so disclose, the city manager and five of the commissioners were in Chicago at the time. Presumably they were there, as they claim, incident to matters concerning the proper discharge of their official duties. If so, surely appellant's attempt to assist in locating them could not be distorted into insubordination or malfeasance incident to the discharge of his official duties. The charges for telephoning were subsequently paid by the newspaper for which the call was made. The civil service board on this hearing so found; and did not find appellant guilty of expending public money improperly nor could such a charge be sustained under the testimony.

The third charge is that appellant on numerous occasions used "excessive and unnecessary profanity" in the presence of other citizens. While this charge is denied by appellant and there is much dispute in the testimony, on this appeal, we accept the testimony as true which tends to support the charge. Nonetheless if it be conceded that at times, under stress of occasions which are necessarily incident to the discharge of appellant's official duties, he became profanely emphatic it seems decidedly captious that on this complaint, apparently now made for the first time, he should be removed from office after all "the continued and faithful service that Mr. A. A. Carroll has rendered the city of Grand

Rapids'' for many years as set forth incident to the report made by the civil service board. As noted above, appellant was in office under civil service provisions. He could not be captiously removed on trivial or technical grounds. If he was to be removed at all it must be removal for cause and that which is charged as a reason or justification for removing one from office for cause must relate to and affect the administration of the office. It must be something which in a material way affects the rights and interests of the public. *State, ex rel. Hart,* v. *Common Council of Duluth,* 53 Minn. 238 (55 N. W. 118, 39 Am. St. Rep. 595).

''Where the removal is to be for *official* misconduct or for misfeasance or mal-administration *in office,* the misconduct which shall warrant a removal of the officer must be such as affects his performance of his duties as an officer and not such only as affects his character as a private individual.'' Mechem, Public Offices and Officers, § 457.

See, also, Throop on Public Officers, § 366; and 22 R. C. L. p. 571, where it is said:

''It must be a cause relating to and affecting the administration of the office, and must be restricted to something of a substantial nature directly affecting the rights and interests of the public. The eccentric manner of an officer, his having an exaggerated notion of his own importance, indulgence in coarse language or talking loudly on the streets, however offensive, will not warrant any interference with his incumbency.''

It is said that removal for insufficient, frivolous or irrelevant reasons is a removal without proper cause, although such removal falls short of an exercise of bad faith. 46 C. J. p. 992.

Under this record, for reasons above indicated, it must be held that the superintendent of police was improperly removed from office. It is also urgéd in his behalf on this appeal that certain members of the civil service board before which the hearing was held had prejudged his case and were disqualified by prejudice against him. In view of our holding just above indicated it is not necessary to review this phase of the record. The determination of the city commission of Grand Rapids, acting as a civil service board, in sustaining the charges, or any of them made against the appellant is vacated, and the removal of appellant from the office of superintendent of police set aside and held for naught. Costs of this court to appellant.

McDONALD, C. J., and WEADOCK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.