ISAMAN v. ANTRIM COUNTY SUPERVISORS.

REGISTERS OF DEEDS—ABSTRACTOR—ACCOUNTING AS TO FEES—RE-
MOVAL FROM OFFICE.
  Register of deeds who had performed the duties of county
  abstractor under different salary schedules from term to term
  after 1945 was properly removed in 1955 from both positions
  by board of supervisors for failure to account and pay over
  portion of fees received, where his salary as register of deeds
  had been fixed at a specified sum, plus half of the abstract fees,
  the other half of such fees and all other fees to be retained
  by the county; the evidence showing that the abstracting was
  treated by all parties concerned as a part of the register of
  deeds' duties (CL 1948, §§ 45.402, 46.11[14], 53.144).

Appeal from Antrim; Brown (Charles L.), J.
Submitted December 6, 1956. (Docket No. 91, Cal-
endar No. 46,888.) Decided February 28, 1957.

Certiorari by Lorence O. Isaman against Board
of Supervisors for the County of Antrim to review
proceedings removing him as register of deeds and
county abstractor. Judgment restoring him to reg-
ister of deeds position. Defendant appeals. Re-
versed in part and complete order of removal made
effective.

*Harry T. Cook,* for defendant.

DETHMERS, C. J. Appeal is from circuit court
order, entered on certiorari to the board of super-

REFERENCES FOR POINTS IN HEADNOTES
43 Am Jur, Public Officers § 198.

visors of Antrim county, vacating the resolution of that board in the respect that it removed plaintiff from office as register of deeds while leaving it in full force and effect with respect to his removal as abstractor.

The county has owned an abstract business since 1929. From January 1, 1945, until his removal on December 22, 1955, plaintiff was the register of deeds. During that period he also acted as the county's abstractor, operating its abstract business. He was never officially appointed abstractor by the board of supervisors. He testified that his predecessor, as register of deeds, had done the abstract work and that when plaintiff assumed the office of register of deeds he had fallen heir to that work and done it ever since. He had served under different salary schedules from term to term. For the years 1953, 1954 and 1955 the board of supervisors fixed the salary of register of deeds at $3,400 per annum plus half of the abstract fees, all other fees of the office to be retained by the county.

From January 1 to November 1, 1953, plaintiff, as register of deeds, filed monthly reports with the county treasurer, listing all recording and filing fees together with half of the abstract fees collected by him during the preceding month, and paid the amount thereof to the treasurer. Commencing with the monthly report for November of 1953, and from then on for the following 2 years, he filed such reports, listing only collected recording and filing fees and paid those amounts to the treasurer, but listed and paid none of the collected abstract fees. He testified that his reason for withholding such fees was that he had sought thereby to induce the board to give consideration to his request for additional clerk hire.

The board made demand on plaintiff for a report and accounting of abstract fees collected during 1953, 1954 and 1955 and for payment of half of the abstract

fees to the county treasurer. Thereupon he agreed to pay as demanded, but neglected and failed to do so. He never made the report or accounting demanded. In consequence, the board instituted removal proceedings and, after due notice and hearing, adopted the resolution from which appeal is taken, removing plaintiff as register of deeds and abstractor on the grounds that he was guilty of misconduct concerning the duties of his office, particularly in failing to make the report and accounting demanded and refusing to pay the abstract fees due the county.

The trial court's view was that plaintiff's misconduct did not pertain to his office of register of deeds, as such, but related only to the abstract work, which it held was not a part of the duties of register of deeds. Therefore, the court, citing *Carroll v. City Commission of City of Grand Rapids*, 265 Mich 51; and *Wilson v. Council of the City of Highland Park*, 284 Mich 96 (116 ALR 352), ordered that the resolution of the board should be vacated insofar as it undertook to remove plaintiff from the office of register of deeds, but that in all other respects it should remain in full force and effect. We gather that the court permitted the removal as abstractor to stand.

In support of its position that plaintiff was guilty of official misconduct, defendant relies on plaintiff's failure to make the report and accounting demanded and the provisions of CL 1948, § 46.11(14)* (Stat Ann 1955 Cum Supp § 5.331[14]), authorizing the board to require a county officer to make reports on matters connected with the duties of his office and empowering the board to remove him from office for failure to comply. Reliance is also placed on CL 1948, § 45.402 (Stat Ann § 5.912), requiring county officers receiving a salary to report and pay all fees collected by them to the county treasurer. Defendant cites

---

* PA 1955, No 108, amended CL 1948, § 46.11.—REPORTER.

*Board of Supervisors of Jackson County* v. *Dicker,* 260 Mich 78, as holding that it was the clear duty of plaintiff, under the salary arrangement, to report and turn over fees to the county treasurer and that the board had the right to so demand.

CL 1948, § 53.144 (Stat Ann § 5.1004), provides that the board may provide by ordinance or resolution that the register of deeds shall be the abstractor. The following facts are significant: (1) plaintiff received no separate appointment as abstractor, but inherited the work upon becoming register of deeds; (2) the board fixed his salary as register of deeds at $3,400 plus half the abstract fees, requiring him to pay over the other half of those fees to the county; (3) such compensation was manifestly understood by the board and plaintiff as having been fixed for performance of both the abstract work and the other duties of the register of deeds; (4) plaintiff testified that the expenses of his office could not be broken down so as to allocate a portion thereof to abstracting and the rest to other operations of the register of deeds' office and that the photostat machine in the office was essential, both to the abstracting and to the other work of the register of deeds and, accordingly, use of equipment and personal service in the office were combined to perform both functions; (5) for the first 9 months of 1953 plaintiff did report and turn in to the county treasurer half of the abstract fees and, more particularly, he reported those fees together with the recording and filing fees in one report as register of deeds. All this is persuasive of the conclusion that the board correctly viewed the abstracting as part of the register of deeds' duties, that plaintiff likewise so considered it, and that plaintiff's misconduct, therefore, pertained to the office of register of deeds and affected the performance of the duties thereof.

The order of the trial court, to the extent that it undertakes to vacate the resolution of the board, is reversed and the resolution removing plaintiff as register of deeds and abstractor is, in all respects, affirmed.

SHARPE, SMITH, EDWARDS, KELLY, CARR, and BLACK, JJ., concurred.

VOELKER, J., took no part in the decision of this case.