FITZGERALD *v.* HUBERT HERMAN, INC.

1. CONTRACTS—WAIVER.

A waiver of a contract is an intentional relinquishment of a known right and an election by a party to forego strict enforcement of the parties' contract which he could have insisted upon.

2. CONTRACTS—WAIVER—PROOF—ACTS—CONDUCT.

A waiver of a contract may be shown by proof of express language of agreement or inferably established by such declarations, acts and conduct of the party against whom it is claimed as are inconsistent with a purpose to exact strict performance.

3. CONTRACTS—WAIVER—EXPRESS WAIVER.

Statement by defendant home builder that if plaintiffs did not want the house he was building for them they did not have to take it was an express waiver of defendant's contractual right to bind plaintiff to a contract to purchase the house.

Appeal from Genesee, Philip C. Elliott, J. Submitted Division 2 March 14, 1970, at Lansing. (Docket No. 5,864.) Decided May 25, 1970.

Complaint by Neal D. Fitzgerald and Eva E. Fitzgerald against Hubert Herman, Inc., for rescission of a contract. Counterclaim for breach of contract. Judgment for plaintiffs. Defendant appeals. Affirmed.

REFERENCE FOR POINTS IN HEADNOTES
[1–3] 17 Am Jur 2d, Contracts §§ 390, 392, 396.

*Neithercut & Neithercut (Kittredge R. Klapp,* of counsel), for plaintiffs.

*John J. Hermann,* for defendant.

Before: R. B. BURNS, P. J., and FITZGERALD* and VAN DOMELEN,** JJ.

R. B. BURNS, P. J. Plaintiffs contracted with the defendant to purchase a house to be constructed by defendant. Plaintiffs stopped making payments according to the contract because they were not satisfied that the construction was according to the plans and specifications.

Plaintiffs' attorney notified defendant that they were rescinding the contract and demanded the return of their money. Defendant refused to return the money on the ground that plaintiffs had breached the contract by not making the payments.

Plaintiffs filed suit for rescission and the defendant filed a counterclaim for breach of contract. During the course of the trial the defendant made the following statement: "All I asked him [plaintiff Neal Fitzgerald] to do was wait until the house was completed. I told him at that time if he did not want the house, he did not have to take it".

Plaintiffs moved for a directed verdict on the theory that defendant's statement was a judicial admission; that defendant waived plaintiffs' obligations under the contract. The trial court granted plaintiffs' motion for a directed verdict.

If the defendant meant what he said, one might wonder why this case is in court; if he didn't mean what he said, why did he say it?

---

* Plaintiffs in the present case are not related to Judge JOHN W. FITZGERALD sitting on this panel.

** Circuit Judge, sitting on the Court of Appeals by assignment.

Defendant claims the trial court erred as the record does not show that the plaintiffs relied on the statement or that there was any consideration for the waiver.

Defendant has failed to distinguish between the theories of equitable estoppel and waiver.

Corpus Juris Secundum (31 CJS, Estoppel, § 67, p 402) defines equitable estoppel as follows:

"In order to constitute an equitable estoppel, estoppel by conduct, or estoppel in pais there must exist a false representation or concealment of material facts; it must have been made with knowledge actual or constructive, of the facts; the party to whom it was made must have been without knowledge or the means of knowledge of the real facts; it must have been made with the intention that it should be acted on; and the party to whom it was made must have relied on or acted on it to his prejudice."

A waiver is defined on page 408 as follows:

"To constitute a waiver, there must be an existing right, benefit, or advantage, knowledge, actual or constructive, of the existence of such right, benefit, or advantage, and an actual intention to relinquish it, or such conduct as warrants an inference of relinquishment. There must be an existing right and an intention to relinquish it, and there must be both knowledge of the existence of a right and an intention to relinquish it.

"A waiver exists only where one, with full knowledge of material facts, does or forbears to do something inconsistent with the existence of the right in question or his intention to rely on that right."

A waiver may be shown by proof of express language of agreement or inferably established by such declaration, act, and conduct of the party against whom it is claimed as are inconsistent with a pur-

pose to exact strict performance. *Strom-Johnson Construction Co.* v. *Riverview Furniture Store* (1924), 227 Mich 55; *Bissell* v. *L. W. Edison Co.* (1967), 9 Mich App 276.

In *Couper* v. *Metropolitan Life Insurance Co.* (1930), 250 Mich 540, 544, the Court said:

" 'A waiver is the intentional relinquishment of a known right.' 27 RCL 904.

"It implies an election to forego some known advantage which might have been insisted upon (*Warren* v. *Crane* [1883] 50 Mich 300), which induced a belief of an 'intention and purpose to waive.' *Bailey* v. *Jones* (1928), 243 Mich 159."

The express statement of the defendant was an intentional relinquishment of a known right and an election to forego strict enforcement of the contract which could have been insisted upon.

In *American Locomotive Co.* v. *Gyro Process Co.* (CA6, 1950), 185 F2d 316, the United States Court of Appeals, on appeal from the Eastern District Court of Michigan, Southern Division, held that an executory waiver being in the nature of a promise or a contract must be supported by consideration to be enforceable, *but a waiver partaking of the principle of an election needs no consideration, and cannot be retracted.*

The factual situation in the present case fulfills the elements of an express waiver of a contractual right. A directed verdict is appropriate where the evidence is clearly one way of a matter of law. *Garbacz* v. *Grand Trunk Western R. Co.* (1948), 323 Mich 7.

Affirmed. Costs to plaintiff.

All concurred.