NIAZY v UTICA CIVIL SERVICE COMMISSION

1. MUNICIPAL CORPORATIONS—EMPLOYEES—CIVIL SERVICE—DISMISSAL
   —NOTICE.

   Notice given on the day of a hearing of additional charges
   specifying incidents of neglect of duty for which a police officer
   is to be suspended does not comply with the "reasonable time
   in which to make and file an explanation" provision of the
   statute (MCLA 38.513).

2. APPEAL AND ERROR—PRESERVING QUESTION.

   The Court of Appeals will decline to consider contentions made
   for the first time on appeal and not supported by the record
   before it.

3. PROCESS—DEFECTS—WAIVER—DEFINITION.

   Failure to object or to request an adjournment of a hearing and
   participation in proceedings for suspension of a police officer
   who was furnished with additional charges on the date of a
   hearing is not a waiver of the statutory notice requirements
   when the police officer did not know of his rights, because a
   waiver involves the intentional relinquishment of a known
   right.

Appeal from Macomb, Edward J. Gallagher, J.
Submitted Division 2 February 14, 1973, at Lans-
ing. (Docket No. 13866.) Decided February 23,
1973.

Plaintiff William A. Niazy was discharged by the
Utica Civil Service Commission from the Utica
Police Force. Plaintiff appealed to circuit court.

REFERENCES FOR POINTS IN HEADNOTES
[1] 56 Am Jur 2d, Municipal Corporations, Counties, and Other
Political Subdivisions § 314.
[2] 5 Am Jur 2d, Appeal and Error § 545.
[3] 62 Am Jur 2d, Process § 1.

Judgment for defendant. Plaintiff appeals. Reversed.

*Zwerdling, Maurer, Diggs & Papp* (by *Michael H. Whiting),* for plaintiff.

*William J. McGrail, Jr.,* for defendant on appeal.

Before: MCGREGOR, P. J., and QUINN and PETERSON,* JJ.

QUINN, J. Plaintiff appeals from the judgment of the circuit court which affirmed the decision of defendant that upheld plaintiff's discharge as a police officer of the City of Utica.

In May 1967, plaintiff was hired as a police officer by the city. November 4, 1970, he received a letter from the chief of police charging plaintiff with neglect of duty and suspending him from the police force. The alleged neglect occurred October 31, 1970 while plaintiff was on duty and in uniform. He was seen assisting workmen at a construction site with a tractor owned by a firm in which plaintiff owned an interest.

Plaintiff requested a private hearing before defendant, which was held November 12, 1970. Plaintiff was assisted at the hearing by a union representative, a non-lawyer. At the hearing, plaintiff was handed a letter dated November 9, 1970 which charged him with three other incidents of alleged neglect of duty. None of these incidents was related to any other incident or the tractor incident. Without objection, testimony was taken as to the four charges of neglect of duty. Following the hearing, plaintiff was advised by letter of his discharge.

Plaintiff appealed to circuit court where he con-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tended that the taking of testimony by defendant relating to the three charges specified in the letter of November 9, 1970 violated the statute as well as his constitutional right to due process.

The pertinent portions of the applicable statutes follow:

> MCLA 38.513; MSA 5.3363: "In all cases of * * * suspension of an employee * * * the appointing authority shall furnish such employee * * * with a copy of reasons for * * * suspension and his reasons for the same, and give such employee * * * a reasonable time in which to make and file an explanation."
>
> MCLA 38.514; MSA 5.3364: "No member of any fire or police department within the terms of this act shall be removed, discharged, reduced in rank or pay, suspended or otherwise punished except for cause, and in no event until he shall have been furnished with a written statement of the charges and the reasons for such action, * * * ."

Notice on day of hearing of the charges specified in the letter of November 9, 1970 does not comply with MCLA 38.513, *supra.*

Defendant contends that the chief of police sent plaintiff the November 9, 1970 letter by certified mail and that plaintiff did not accept delivery until November 16, 1970. This contention is made for the first time on appeal and it is not supported by the record before us. We decline to consider it.

Defendant also argues that plaintiff waived the notice requirement by failure to object or to request an adjournment and by participating in the proceedings as they related to the charges specified in the letter of November 9, 1970. Plaintiff was not represented by an attorney at the hearing before defendant. The record does not indicate that defendant knew of his right to "reasonable notice". Waiver involves the intentional relinquishment of

a known right, *Fitzgerald v Hubert Herman, Inc,* 23 Mich App 716 (1970). Waiver is not established on this record.

The foregoing obviates discussion of plaintiff's contention that notice on day of hearing of the three additional charges against him violated his right to due process of law.

Finally, defendant contends that there is sufficient proof on the record with respect to the tractor incident to sustain the action of defendant. Assuming this to be true, we are not able to determine on this record that the tractor incident was the sole reason that defendant discharged plaintiff.

The trial court is reversed; plaintiff's discharge is set aside and he is ordered to be reinstated with back pay. Costs to plaintiff.

All concurred.