CORE v CITY OF TRAVERSE CITY

Docket No. 77-4496. Submitted February 7, 1979, at Grand Rapids.—
Decided April 16, 1979.

Plaintiff, David M. Core, began working as a firefighter for
defendant, Traverse City, in 1965. In 1969, as a result of a
reckless driving conviction, plaintiff accumulated 12 points on
his driving record and was suspended from driving any depart-
mental vehicles. In 1972, and again in 1973, plaintiff was
disciplined by the city for involvement in assault incidents. On
October 18, 1975, plaintiff was arrested by a state conservation
officer for illegally hunting deer with the aid of an artificial
light. Plaintiff initially pled guilty but, when he was discharged
by the city, was permitted to withdraw his guilty plea and,
upon trial, was acquitted. The Civil Service Commission upheld
plaintiff's discharge by the city. Plaintiff appealed the Civil
Service Commission's decision to the Grand Traverse Circuit
Court. The court, William R. Brown, J., dismissed plaintiff's
appeal. Plaintiff appeals alleging: a) his discharge was not for
"just cause" because its basis was unrelated to his duties as a
fireman; b) insufficient evidence to support his discharge; c) the
commission, in determining punishment, improperly considered
evidence of prior misconduct; and d) "failure of good behavior"
constitutes an unconstitutionally vague standard for discipline.
*Held:*

1. A fireman subject to the firemen and policemen civil
service act may properly be disciplined for off-duty conduct
which demonstrates a disregard for the laws of the state
amounting to dishonesty which could be viewed as obstruction
of justice and which both interferes with the firemen's leader-
ship ability and damages the prestige of the department.

2. A court reviews an administrative decision by examining

REFERENCE FOR POINTS IN HEADNOTES

[1] 63 Am Jur 2d, Public Officers and Employees §§ 264, 280
[2, 3] 2 Am Jur 2d, Administrative Law §§ 664, 680–683.
[4] 2 Am Jur 2d, Administrative Law § 417.
[5] 73 Am Jur 2d, Statutes §§ 214–216.
[6] 73 Am Jur 2d, Statutes § 145 *et seq.*
[7] 15A Am Jur 2d, Civil Service §§ 88, 89
   63 Am Jur 2d, Public Officers and Employees of § 400.

the record to determine if the decision is supported by competent, material and substantial evidence and only if the decision is not supported by such evidence, or if it is contrary to the law, can the court overturn it.

3. It was error for the Civil Service Commission to take into account in determining the propriety of punishment of a fireman his prior conviction for reckless driving and suspension from driving departmental vehicles without giving him written notice of that charge as required by statute.

4. The words "any other failure of good behavior" in the statute providing for disciplining of police and firemen are restricted to misconduct of the same nature as that specifically enumerated and must have some relationship to the position held by the employee.

5. A policeman or fireman may be suspended without pay prior to a Civil Service Commission hearing, but, in the event the commission's determination comes more than 30 days after suspension, he is entitled to back pay for the time prior to the commission's determination, less 30 days.

Remanded for further proceedings.

1. LABOR RELATIONS — CIVIL SERVICE — STATUTES.

A fireman subject to the firemen and policemen civil service act may properly be disciplined for off-duty conduct which demonstrates a disregard for the laws of the state amounting to dishonesty which could be viewed as obstruction of justice and which both interferes with the firemen's leadership ability and damages the prestige of the department (MCL 38.514; MSA 5.3364).

2. ADMINISTRATIVE LAW — REVIEW — CIVIL SERVICE.

A court reviews an administrative decision by examining the record to determine if the decision is supported by competent, material and substantial evidence and only if the decision is not supported by such evidence, or if it is contrary to the law, can the court overturn the decision of a civil service commission.

3. ADMINISTRATIVE LAW — SCOPE OF REVIEW — FINDINGS.

An appellate court in reviewing an administrative decision examines the evidence not to determine whether the probabilities preponderate one way or the other but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, regardless of

whether that inference would or would not have been drawn by the appellate tribunal.

4. LABOR RELATIONS — CIVIL SERVICE — DISCIPLINE — STATUTES.

It was error for the Civil Service Commission to take into account in determining the propriety of punishment of a fireman his prior conviction for reckless driving and suspension from driving departmental vehicles without giving him written notice of that charge as required by statute (MCL 38.513; MSA 5.3263).

5. STATUTES — CONSTRUCTION — EJUSDEM GENERIS.

The rule of statutory construction known as *"ejusdem generis"* is the rule whereby in a statute in which general words follow a designation of particular subjects, the meaning of the general words will ordinarily be presumed to be and be construed as restricted by the particular designation and as including only things of the same kind, class, character or nature as those specifically enumerated.

6. LABOR RELATIONS — CIVIL SERVICE — STATUTES — CONSTRUCTION.

The words "any other failure of good behavior" in the statute providing for disciplining of police and firemen are restricted to misconduct of the same nature as that specifically enumerated and must have some relationship to the position held by the employee (MCL 38.513; MSA 5.3363).

7. LABOR RELATIONS — CIVIL SERVICE — BACK PAY.

A policeman or fireman may be suspended without pay prior to a Civil Service Commission hearing, but, in the event the commission's determination comes more than 30 days after suspension, he is entitled to back pay for the time prior to the commission's determination, less 30 days.

*Marston, Sachs, Nunn, Kates, Kadushin & O'Hare, P.C.* (by *Ronald R. Helveston,* for plaintiff.

*Dennis L. Huntley,* for defendant.

Before: D. F. WALSH, P.J., and J. H. GILLIS and T. M. BURNS, JJ.

J. H. GILLIS, J. Plaintiff appeals from a decision upholding his discharge from the Traverse City Fire Department. Defendant cross-appeals, claiming the Civil Service Commission improperly

awarded plaintiff back pay for the period between his discharge by the city manager and the issuance of the commission's opinion upholding the discharge.

Plaintiff commenced work as a firefighter for the city in 1965. In 1969 he was convicted of reckless driving which resulted in the accumulation of 12 points on his driving record. He was thereupon suspended from driving all departmental vehicles. A second instance in which discipline was imposed occurred in 1972 when plaintiff was reprimanded for his involvement in an alleged assault at the "Abbey". In 1973 plaintiff was convicted of assault and battery following an altercation at Bill's Dills Cafe. He was again disciplined by the city and warned that any future violation of a criminal law or ordinance would result in his discharge.

The incident giving rise to plaintiff's discharge occurred on the evening of October 18, 1975. Plaintiff was on a weekend maneuver with his Army reserve unit when he and four other men, including his commanding officer, went to purchase some beer. On the way back to their bivouac area they decided to "shine deer". A conservation officer stopped the pickup truck in which they were riding and all of the men, including plaintiff, were subsequently charged with illegally hunting deer with the aid of an artificial light. MCL 312.10; MSA 13.1339. Plaintiff initially pled guilty to the charge but was subsequently allowed to withdraw his guilty plea and, upon trial, was acquitted.

Plaintiff argues that the discharge was not for "just cause" because the basis for it was unrelated to his duties as a fireman.

There was sufficient evidence from which the commission could conclude that plaintiff had engaged in illegal activity. Plaintiff admitted possess-

ing a rifle and live ammunition while in the vehicle while one of his friends used a spotlight to look for deer. Furthermore, when apprehended by the conservation officer, plaintiff disposed of incriminating evidence by throwing the ammunition in his possession into the bushes. He later conspired to fabricate a false story and lied to the conservation officers until confronted with the previously disposed-of ammunition.

We agree with plaintiff's contention that, to be removed for cause, there must be some relationship between the charged misconduct and the plaintiff's position. In *Carroll v City Comm of Grand Rapids*, 265 Mich 51; 251 NW 381 (1933), the Court, although dealing with the civil service provisions of the Grand Rapids charter, stated the following:

"As noted above, appellant was in office under civil service provisions. He could not be captiously removed on trivial or technical grounds. If he was to be removed at all it must be removal for cause and that which is charged as a reason or justification for removing one · from office for cause must relate to and affect the administration of the office. It must be something which in a material way affects the rights and interests of the public." *Id.,* p 58.

See also *Isaman v Antrim County Supervisors,* 348 Mich 84; 81 NW2d 426 (1957).

The provision of the firemen and policemen civil service act under which plaintiff was disciplined reads as follows:

"The tenure of every one holding an office, place, position or employment under the provisions of this act shall be only during good behavior and efficient service; and any such person may be removed or discharged,

suspended without pay, deprived of vacation privileges or other special privileges, by the civil service commission, for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment to the public, neglect of duty, violation of the provisions of this act or the rules of the commission, or any other failure to good behavior, *or any other acts* of misfeasance, malfeasance or nonfeasance *in office."* (Emphasis supplied.) MCL 38.514; MSA 5.3364.

The last clause clearly manifests an intent by the Legislature that the reason for discipline relate to plaintiff's duties as a fireman.

This is not to say that a person may not be disciplined for off-duty conduct. In *Righter v Adrian Civil Service Comm,* 1 Mich App 468, 470; 136 NW2d 718 (1965), a policeman was discharged for visiting a woman "at such hours and in such a manner as to bring discredit upon the police department". In *Kryvicky v Hamtramck Civil Service Comm,* 18 Mich App 344; 170 NW2d 915 (1969), a policeman was discharged for creating a disturbance in a bar.

Plaintiff's actions in the instant case demonstrated at the very least disregard for the laws of this state as well as serious dishonesty which could be veiwed as obstruction of justice. There was also some testimony that plaintiff's activities had damaged the prestige of the department and could interfere with plaintiff's leadership abilities. Finally, due to the incident plaintiff missed some work while spending three days in jail.

This evidence was sufficient to conclude that there was a relationship between plaintiff's misconduct and his employment. Firefighters enter people's homes under emergency conditions. Hence, public trust in the members of the fire department is essential for its efficient operation.

Plaintiff's actions were detrimental to that trust and he could properly be disciplined for them.

Plaintiff, secondly, argues that there was insufficient evidence to support the decision of the civil service commission upholding his discharge.

The nature of a court's review of the decision of a municipal civil service commission is to determine whether the decision is supported by competent, material and substantial evidence. The court is not to determine whether the probabilities preponderate one way or the other but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, whether that inference would or would not have been drawn by the appellate tribunal. *Hunn v Madison Heights,* 60 Mich App 326; 230 NW2d 414 (1975), *Werner v Macomb County Civil Service Comm,* 77 Mich App 533; 258 NW2d 549 (1977).

From our review of the evidence we find sufficient support for the commission's determination that plaintiff had engaged in the activities for which he was disciplined. Plaintiff's own testimony indicates that he had a gun and live ammunition while his friend shined the light. In addition, he admitted conspiring to fabricate a story and lying to the officers.

Plaintiff also argues that in determining punishment the commission improperly considered evidence of prior misconduct. In *Konyha v Mount Clemens Civil Service Comm,* 393 Mich 422; 224 NW2d 833 (1975), the Supreme Court held that prior uncharged conduct cannot be considered in determining the propriety of punishment for a current charge of misconduct.

In the instant case the commission considered three prior incidents. The first incident involved

plaintiff's conviction for reckless driving and subsequent suspension from driving departmental vehicles. The testimony indicates that plaintiff was not given written notice of the charge. While plaintiff was apparently aware of the driving suspension, the notice provisions of MCL 38.513; MSA 5.3363 were not satisfied. As was stated in *Konyha, supra,* p 428, "A written statement of [the] charges and the reasons for the disciplinary action must be furnished". Since the misconduct was not properly charged, the commission erred in taking it into consideration.

The other two prior incidents were not improperly taken into consideration. There is ample evidence that plaintiff was given written notice of the charges and that a copy was timely filed with the civil service commission. Moreover, contrary to plaintiff's argument, we see no reason why the charges and discipline may not be imposed by way of a single letter. Had plaintiff disputed the validity of these charges he had ample recourse under MCL 38.513; MSA 5.3363.[1]

Plaintiff cites *Niazy v Utica Civil Service Comm,* 45 Mich App 303; 206 NW2d 468 (1973), in support of his position. In that case the plaintiff was given a letter charging him with neglect of duty and discharging him. He requested a hearing. On the day of the hearing, he was furnished with charges of three other incidents of neglect of duty. The Court held that notice on the day of hearing does

---

[1] "In all cases of reductions, layoff, or suspension of an employee or subordinate, whether appointed for a definite term or otherwise the appointing authority shall furnish such employees or subordinate with a copy of reasons for layoff, reduction, or suspension and his reasons for the same, and give such employee or subordinate a reasonable time in which to make and file an explanation. Such order together with the explanation, if any, of the subordinate shall be filed with the commission: Provided, however, That the employee or subordinate shall be entitled to a hearing before the commission as provided in section 14."

not comply with MCL 38.513; MSA 5.3363. However, there is no indication that there was any inadequacy in the method by which plaintiff was furnished with notice of the original charge, which was the same method used in the instant case.

Plaintiff's final claim is that "failure of good behavior" is an unconstitutionally vague standard.

Examination of the context of these words indicates that the rule of construction known as *"ejusdem generis"* is applicable. Where, in a statute, general words follow a designation of particular subjects, the meaning of the general words will ordinarily be presumed to be and be construed as restricted by the particular designation and as including only things of a similar kind, class character or nature as those specifically enumerated. *People v Smith,* 393 Mich 432, 436; 225 NW2d 165 (1975).

While this rule is not to be invoked in every case where general words follow specific words, *In re Mosby,* 360 Mich 186; 103 NW2d 462 (1960), we believe it has application here. The statute provides:

"[A]ny such person may be removed or discharged, suspended without pay, deprived of vacation privileges or other special privileges, by the civil service commission, for incompetency, inefficiency, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment to the public, neglect of duty, violation of the provisions of this act or the rules of the commission, *or any other failure of good behavior,* or any other acts of misfeasance, malfeasance or nonfeasance in office." (Emphasis supplied.) MCL 38.514; MSA 5.3364.

We conclude that "failure of good behavior" is restricted to misconduct of the same nature as that specifically enumerated, and, as noted above,

it must have some relationship to the position held by the employee. When so construed, the standard is, therefore, not unconstitutionally vague.

The final issue before us concerns the award of compensation from the date the city manager discharged plaintiff until the date the commission ultimately confirmed that discharge, less 30 days. Relying upon § 13 of the act, the commission held that the city manager was without authority to terminate pay to plaintiff for a period in excess of 30 days. The circuit court upheld the commission's decision.

This issue was addressed by the Attorney General in a 1976 opinion wherein he stated:

"Section 14 prescribes the manner in which an employee may be discharged from employment, or otherwise disciplined as therein provided. Such sanction must be for cause; the employee must be furnished a written statement of the charges and the reasons for such actions; the statement of charges must be filed within 90 days of the date of violation, with an exception for probationary employees; the employee may file an answer to the charges within 5 days after service; and if the employee demands it, a hearing must be held within 10 days from the filing of the charges. Section 14 expressly provides:

" '* * * and any such person may be removed or discharged, suspended without pay, deprived of vacation privileges or other special privileges, *by the civil service commission,* * * *.'

"Throughout the section, reference is made to 'the person *sought to* be removed * * *' [emphasis supplied]. Finally, the Legislature has expressly included the mandatory provision:

" '* * * Pending the period between the making of the charges as a basis for removal and the decision thereon by the commission the member shall remain in office * * *.'

"The foregoing language contemplates that, although

the appointing authority may initiate charges for removal, discharge, etc., it is the civil service commission which renders the final administrative decision, and the employee remains in his position until such decision is made, by express statutory requirement. The only language in the section that appears to be at variance with the foregoing is as follows:

" '* * * In event that the civil service commission fails to justify the action of the removing officer then the person sought to be removed shall be reinstated with full pay for the entire period during which he may have been prevented from performing his usual employment, * * *.'

"Reference to reinstatement with full pay for a period in which the employee might have been prevented from performing his duties, suggests that the employee has been removed, which appears contrary to the requirement that the employee remain in office. However, the latter requirement is subordinated to a § 13 suspension in the following language:

" '* * * *Nothing in this act contained* shall limit the power of an appointing officer to suspend without pay, for purposes of discipline, an employee or subordinate for a reasonable period, not exceeding 30 days: * * *.' [Emphasis supplied.]

"Such a circumstance was discussed by the Court of Appeals in *Hunn, supra.* Therefore, notwithstanding the requirement that the employee remain in office, the appointing officer may suspend for a reasonable period up to 30 days." OAG, 1975-1976, No 4,960, pp 366, 367-368 (April 6, 1976).

As the above opinion indicates, the member remains in office until the decision of the commission is rendered, although he can be suspended without pay for 30 days. Had the Legislature intended to disallow all pay pending the commission's decision they could have inserted language comparable to that contained in MCL 51.362; MSA 5.1191(112):

"Pending the period between the making of the charges as a basis for removal and the decison thereon by the commission, the member shall remain in office, *but shall be suspended from duty without pay."* (Emphasis supplied.)

In light of the Legislature's failure to insert similar language in the statute under consideration here, we conclude that the Civil Service Commission acted properly in awarding plaintiff back pay for the time prior to the commission's determination, less 30 days.

## CONCLUSION

Since we are unable to say that the commission would have upheld plaintiff's discharge had they not considered the 1969 reckless driving incident, we must remand the case. The commission is to render its decision without taking that conduct into account.

Remanded for proceedings consistent with this opinion. No costs, a public question being involved.