**SCHOOL SISTERS OF NOTRE DAME AT MANKATO, MINNESOTA, INC., Appellant,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent.**

**No. C5–91–829.**

Court of Appeals of Minnesota.

Oct. 29, 1991.

Thomas B. Wieser, John C. Gunderson, Meier, Kennedy & Quinn, Chartered, St. Paul, for appellant.

Michael J. Ford, John A. Nelson, Quinlivan, Sherwood, Spellacy & Tarvestad, P.A., St. Cloud, for respondent.

Considered and decided by RANDALL, P.J., and SCHUMACHER and KALITOWSKI, JJ.

## OPINION

SCHUMACHER, Judge.

Appellant School Sisters sought survivors economic loss benefits from respondent State Farm following the death of Sister Delores Wagner, who was struck and killed by an automobile. Both parties moved for summary judgment. The trial court granted State Farm's motion for summary judgment, holding that a non-human could not be considered a "dependent" for purposes of survivors economic loss benefits. School Sisters appeals. We affirm.

## FACTS

The parties stipulated to the relevant facts. Appellant School Sisters of Notre Dame at Mankato, Minnesota, Inc. (School Sisters) is a Minnesota non-profit corporation. In 1989, School Sisters was comprised of approximately 585 religious women of the Catholic faith. The members of School Sisters take a vow of, among other things, poverty. Pursuant to their vow of poverty, each member vows "to be dependent upon the community in the use and disposition of material goods." The members express their vow of poverty by "holding all things in common, living simply, sharing materially and spiritually, receiving gratefully and reverencing created things."

One of the members of School Sisters, Sister Delores Wagner, was employed as principal at St. Francis School in Benson, Minnesota. For Sister Wagner's services, School Sisters received $950 per month plus benefits of $278.41 per month. On September 28, 1989, while a pedestrian, Sister Wagner was fatally injured when she was struck by a motor vehicle insured by respondent State Farm. State Farm paid medical, hospital and funeral expenses on behalf of School Sisters in the approximate sum of $1,500.

School Sisters sought survivors economic loss benefits from State Farm. State Farm denied that any survivors economic loss benefits were payable, and School Sisters commenced the present action. Both parties moved for summary judgment.

The trial court granted State Farm's motion for summary judgment. The trial court determined that although School Sisters depended on the income of its members, a non-human, such as a non-profit corporation, could not be considered a "dependent" for purposes of survivors economic loss benefits. School Sisters appeals.

## ISSUE

Did the trial court err in determining School Sisters is not entitled to survivors economic loss benefits?

## ANALYSIS

### 1. STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and a party is entitled to a judgment as a matter of law. Minn.R.Civ.P. 56.03. On appeal from a summary judgment, this court must determine whether there are any genuine issues of material fact and whether the trial court correctly applied the law. *Offerdahl v. Univ. of Minn. Hosps. & Clinics*, 426 N.W.2d 425, 427 (Minn.1988). The trial court's grant of summary judgment in the present case was based on its application of the No–Fault Act to undisputed facts. Statutory construction is a question of law which this court reviews de novo. *A.J. Chromy Constr. Co. v. Commercial Mechanical Servs., Inc.*, 260 N.W.2d 579, 582 (Minn. 1977).

### 2. SURVIVORS ECONOMIC LOSS BENEFITS

As an initial matter, State Farm contends School Sisters lacks standing to bring this action because it has not appealed the trial court's determination that it is not a person or an insured under the State Farm policy. We disagree. The question before the court is whether a non-human entity, School Sisters, can be a dependent. School Sisters does not claim to be an insured; School Sisters claims to be a dependent of an insured.

 Survivors economic loss benefits are among the mandatory basic economic benefits which must be included in every automobile insurance policy issued in Minnesota. *See* Minn.Stat. §§ 65B.42(1), 65B.44, subd. 6 (1990). These benefits are intended to

> cover loss accruing after decedent's death of contributions of money or tangible things of economic value, not including services, that surviving dependents would have received from the decedent for their support during their dependency had the decedent not suffered the injury causing death.

Minn.Stat. § 65B.44, subd. 6. Under the statute, certain people are presumed to be dependents of a deceased person:

> (a) a wife is dependent on a husband with whom she lives at the time of his death; (b) a husband is dependent on a wife with whom he lives at the time of her death; (c) any child while under the age of 18 years, or while over that age but physically or mentally incapacitated from earning, is dependent on the parent with whom the child is living or from whom the child is receiving support regularly at the time of the death of such parent. *Questions of the existence and the extent of dependency shall be questions of fact, considering the support regularly received from the deceased.*

*Id.* (emphasis added).

 The statute lists three categories of persons who are presumed to be dependents. The enumerated presumed dependents do not include corporations. In addition to persons presumed to be dependents, the statute indicates an intent to create a category of persons whose dependent status is a question of fact. *Peevy v. Mutual Servs. Casualty Ins. Co.*, 346 N.W.2d 120, 122 (Minn.1984). Where general language in a statute follows an enumeration of specific subjects, the general language is presumed to include only subjects of a class similar to those enumerated. This canon of statutory construction is known as *ejusdem generis. See Core v. City of Traverse*

*City*, 89 Mich.App. 492, 500, 280 N.W.2d 569, 573 (1979). Applying this doctrine to the present case, we believe the trial court was correct in concluding that a non-human cannot be a dependent for purposes of section 65B.44, subd. 6.[1]

In addition, under the statute, payment of survivors economic loss benefits must cease when the recipient ceases to be dependent. Minn.Stat. § 65B.44, subd. 6. A nonprofit religious corporation, however, may have perpetual duration. Minn.Stat. § 300.13, subd. 3 (1990). This perpetual duration is inconsistent with the termination of benefits contemplated by section 65B.44, subd. 6.

### DECISION

The doctrine of *ejusdem generis* and the fact of perpetual corporate existence preclude recovery by a corporation of survivors economic loss benefits.

Affirmed.

RANDALL, Judge, dissenting.

I respectfully dissent.

---

**1.** We do not decide whether any individual members of School Sisters might have a claim for such benefits. We are only concerned in this case with the corporate entity.