STATE of Minnesota, Respondent,

v.

Anthony TENERELLI, Appellant.

No. C3–98–318.

Court of Appeals of Minnesota.

July 21, 1998.

Review Granted Sept. 22, 1998.

James T. Diamond, Jr., Special Assistant State Public Defender, Minneapolis, for appellant.

Hubert H. Humphrey, III, Attorney General, St. Paul, for respondent.

Susan Gaertner, Ramsey County Attorney, Darrell C. Hill, Assistant Ramsey County Attorney, St. Paul, for respondent.

Considered and decided by KLAPHAKE, P.J., AMUNDSON and SHUMAKER, JJ.

## OPINION

SHUMAKER, Judge.

Appellant, Anthony Tenerelli, was convicted of assault in the beating and stabbing of Txawj Xiong. This was appellant's ninth felony conviction. In addition to the imposition of a prison sentence, the district court ordered appellant to reimburse his victim for the costs of a Hmong healing ceremony.

Appellant challenges that order on grounds that the restitution statute does not allow reimbursement for healing ceremonies and that the restitution order violates the Establishment Clause of the Constitution of the United States. Alternatively, appellant challenges the sufficiency of the evidence to support an award of restitution. We affirm.

## ISSUES

I. Did the district court abuse its discretion by finding that the victim was entitled to restitution for out-of-pocket losses resulting from the crime and incurred in a traditional Hmong healing ceremony?

II. Did the restitution award violate the Establishment Clause of the United States Constitution?

## FACTS

On July 15, 1996, on a public street in St. Paul, Minnesota, appellant beat and kicked Txawj Xiong and then stabbed him twice in the back. A jury found appellant guilty of fifth degree and second degree assault. Xiong received medical treatment for his injuries and participated in a Hmong healing ceremony known as Hu Plig. Xiong requested that restitution include the costs of the Hu Plig. The district court held a hearing on the request and obtained expert evidence as to the Hu Plig.

The district court heard evidence that Hu Plig is a social and cultural tradition that has been practiced in the Hmong culture for thousands of years. The majority of Hmong people in the United States subscribe to the tradition. It is not a religious practice or belief, nor is it a "face-saving" endeavor; rather it is a healing ceremony intended to restore the soul of a victim of physical or emotional trauma. Many Hmong deeply believe that, without the restoration ceremony, the traumatized person will become sick and die. A Hmong shaman presides over the ceremony. The victim's family and other members of the Hmong community attend. Animals are slaughtered in the belief that the victim's soul will be replaced by those of the animals. Xiong incurred $985.05 for the animals and for the shaman's services in the ceremony. The district court ordered appellant to reimburse those costs.

## ANALYSIS

■ The district court has broad discretion in ordering restitution. *State v. O'Brien*, 459 N.W.2d 131, 133 (Minn.App. 1990). The applicable statute provides:

A victim of a crime has the right to receive restitution as part of the disposition of a criminal charge * * *. A request for restitution may include, but is not limited to, any out-of-pocket losses resulting from the crime, including medical and therapy costs, replacement of wages and services, * * * and funeral expenses.

Minn.Stat. § 611A.04, subd. 1(a) (1996).

■ The district court relied on the "broadly inclusive language of the statute" that "*any* out-of-pocket losses resulting from the crime" may be the subject of restitution. Minn.Stat. § 611A.04, subd.1(a) (1996) (emphasis added). The court found that the Hu Plig expenses were out-of-pocket losses that resulted from the crime. The court further analogized the Hu Plig costs to therapy costs and funeral expenses. We also note the extremely broad language of the statute as well as the broad discretion of the district court, and we hold that the district court exercised its discretion on the basis of a proper factual record. We find no abuse of discretion in the district court's determination that the Hu Plig expenses, on this record, fit within the category of "any" related out-of-pocket losses. Because of this holding, we need not consider whether the culturally-specific Hu Plig is a therapy cost within the contemplation of the statute.[1]

■ The district court must also consider the defendant's ability to pay restitution.

---

1. Appellant relies in part on an unpublished decision of this court entitled *Xiong v. State*, No. C9–97–23, 1997 WL 435999 (Minn.App. Aug. 5, 1997), *review denied* (Minn. Sept. 18, 1992). This court held that requiring the defendant "to pay for pigs, chickens, and other items for a 'spiritual healing' ceremony" is not analogous "to therapy as contemplated by the statute." The court makes no further analysis of the issue and gives no reasons for its conclusion. Not only is the case of no precedential effect, it provides no guidance for construing the restitution statute.

Minn.Stat. § 611A.045 (1996). Where the goal of restitution is the compensation of the victim, the restitution amount is properly based on the injury to the victim. *State v. Fader*, 358 N.W.2d 42, 48 (Minn.1984). The court apparently considered appellant's ability to pay by ordering that the restitution "shall be withheld from his prison earnings * * * ." Since the statute is not explicit as to how the court must consider the appellant's ability to pay, the court's reference to the appellant's earnings as the source of restitution payments shows that the court did in fact consider appellant's payment capabilities. *See State v. Maidi*, 537 N.W.2d 280, 285 (Minn.1995). The trial court did not abuse its discretion in ordering restitution for the Hu Plig ceremony.

■ Finally, appellant contends that restitution awarded for spiritual purposes violates the Establishment Clause of the Constitution of the United States. Since the evidence supports the trial court's conclusion that the Hu Plig ceremony is not religious, we need not address the issue further.

### DECISION

The district court did not abuse its discretion in ordering restitution for a nonreligious Hmong healing ceremony performed for a crime victim.

**Affirmed.**

KLAPHAKE, Judge (dissenting).

I respectfully dissent. Minn.Stat. § 611A.04, subd. 1(a) (1996) allows crime victims to receive restitution for "out-of-pocket losses resulting from the crime." I do not believe that the legislature intended this language to allow cart blanche reimbursement for any loss, however remotely associated with the crime.

Our primary objective in interpreting and construing "laws is to ascertain and effectuate the intention of the legislature." Minn. Stat. § 645.16 (1996). A fundamental rule of statutory construction is that a court should look first to the specific statutory language and be guided by its "natural and most obvious" meaning. *Heaslip v. Freeman*, 511 N.W.2d 21, 22 (Minn.App.1994), *review de-*

*nied* (Minn. Feb. 24, 1994). The language of section 611A.04, subd. 1(a) limits restitution to a loss "resulting from the crime." At a minimum, then, the loss must have a causal connection to the crime. As in no-fault automobile insurance and workers' compensation cases, which allow receipt of benefits for injuries "arising out of" the use of an automobile or "arising out of" employment, the loss in the restitution context must necessarily have a causal connection to the crime. *See* Minn.Stat. §§ 65B.44, subd. 1 (1996) (allowing basic economic loss benefits for injuries "arising out of the maintenance or use of a motor vehicle"); 176.021, subd. 1 (1996) (allowing compensation for workers' injuries "arising out of and in the course of employment"). Here, Txawj Xiong's voluntary participation in the Hu Plig ceremony did not "result from" the crime.

Additionally, the language allowing restitution for "out-of-pocket losses" provides a further limitation to recovery. "Out-of-pocket losses" are limited to economic losses that include "medical and therapy costs, replacement of wages and services, * * * funeral expenses." Minn.Stat. § 611A.04, subd. 1(a). Although the trial court found the Hu Plig ceremony to be "therapy," the record demonstrates that only a portion of the Hmong community believes in its efficacy and that the victim, Txawj Xiong, participated in the ceremony only "to bring back the luck," not because he believed it was therapeutic. Moreover, the Hu Plig ceremony, which involves ritualistic animal slaughter, is not recognized as "therapy" by the scientific community and therefore could not have been contemplated by the legislature in enacting the restitution statute. *See School Sisters of Notre Dame at Mankato, Minnesota, Inc. v. State Farm Mut. Auto. Ins. Co.*, 476 N.W.2d 523, 525 (Minn.App.1991) (where statute indicates general language relating to enumeration of specific subjects, general language presumed to include only subjects similar to those enumerated); *cf. Lynch v. Alworth–Stephens Co.*, 267 U.S. 364, 370, 45 S.Ct. 274, 275–76, 69 L.Ed. 660 (1925) ("plain, obvious and rational meaning of a statute is always to be preferred to any curious, narrow, hidden sense that nothing but the exigency of a hard

case and the ingenuity and study of an acute and powerful intellect would discover"). Thus, I disagree with the majority's view that the language of the restitution statute is "broad" or that the trial court may apply its discretion to allow restitution irrespective of the plain language of the statute. I would therefore reverse the district court's decision to allow restitution for the costs of the Hu Plig ceremony.