BROOKS v. FIELDS.

OPINION OF THE COURT.

1. ACTION—INJURIES ON EMPLOYER'S PARKING LOT—PRESUMPTION—
TIME.

Presumption that injuries sustained by plaintiff while on employ-
er's parking lot occurred in the course of employment did not
arise, when, on motion for summary judgment, neither plead-
ings nor proofs indicated when her working hours had begun
or ended, a time necessary to know since the presumption arises
only for injury occurring within a reasonable time before or
after working hours (CLS 1961, § 412.1).

2. WORKMEN'S COMPENSATION—INJURIES ON EMPLOYER'S PARKING
LOT.

Action of tort for plaintiff's injuries sustained while on employ-
er's parking lot would not be barred by the workmen's compen-
sation act unless defendants also were in the course of their
employment with the same employer (CLS 1961, §§ 412.1,
413.15).

3. JUDGMENT—SUMMARY JUDGMENT—INJURIES ON EMPLOYER'S
PARKING LOT—QUESTIONS OF FACT.

Summary judgment for defendants was improperly entered in
action for injuries plaintiff sustained while on her employer's
parking lot, where her complaint does not state the time her
employment commenced or ended, and pleading raises issues of
fact as to whether defendants were in the course of their
employment when plaintiff was injured and also whether they
were employed by the same employer as plaintiff (CLS 1961,
§§ 412.1, 413.15; GCR 1963, 117.2[3]).

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 214, 217.
Workmen's Compensation: injury to employee while in automobile
parking lot. 159 ALR 1395.
[2] 58 Am Jur, Workmen's Compensation §§ 50, 51.
[3] 41 Am Jur, Pleading § 342.
58 Am Jur, Workmen's Compensation §§ 50, 51.
[4] 58 Am Jur, Workmen's Compensation § 217.
[5] 58 Am Jur, Workmen's Compensation §§ 50, 64.
[6] 58 Am Jur, Workmen's Compensation §§ 50, 209, 210.
[7] 58 Am Jur, Workmen's Compensation §§ 50, 61.

DISSENTING OPINION.

DETHMERS, KELLY, and O'HARA, JJ.

4. ACTION—FELLOW EMPLOYEES—PARKING LOT—WORKMEN'S COMPENSATION—REMEDY.

*Injury to plaintiff employee on parking lot provided by employer for the employees, alleged to be negligently inflicted by one fellow employee upon plaintiff wife at the conclusion of the working day while a passenger in another fellow employee's car, arose out of the employment and is compensable, if at all, under the workmen's compensation act (CLS 1961, §§ 412.1, 413.15).*

5. WORKMEN'S COMPENSATION—ELECTION OF REMEDIES—REMEDY.

*There is no election of remedies under the workmen's compensation act as to fellow employees subject thereto, the act providing the exclusive remedy (CLS 1961, § 413.15).*

6. SAME—FELLOW EMPLOYEES—INJURY IN COURSE OF EMPLOYMENT.

*A fellow employee, as well as an employer, is involved in the compromise of rights affected by the workmen's compensation act, since the employee gives up his right to common-law verdicts and is relieved of financial responsibility for his negligence, but such status is limited to action in the course of employment (CLS 1961, § 413.15).*

7. ACTION—DERIVATIVE ACTION—HUSBAND AND WIFE INJURED BY FELLOW EMPLOYEES—REMEDY—WORKMEN'S COMPENSATION.

*Husband's derivative common-law action for medical expenses, loss of wife's services and consortium, brought against fellow employees of wife who was injured on premises of employer while en route home from work is barred, the workmen's compensation act providing the exclusive remedy for recovery of compensation for her injuries so occasioned (CLS 1961, §§ 412.1, 413.15).*

Appeal from Genesee; Baker (John W.), J. Submitted January 5, 1965. (Calendar Nos. 2, 3, Docket Nos. 50,552, 50,553). Decided June 7, 1965. Rehearing denied July 13, 1965.

Complaint by Ernest Brooks against Oscar Fields and John McDill for damages arising from injuries to his wife in automobile collision on their employer's parking lot. Similar action by Dolores Brooks for personal injuries. Cases consolidated for motion

and on appeal. Summary judgments for defendants. Plaintiffs appeal. Reversed and remanded.

*James Turnage* and *Leitson, Dean, Dean & Abram* (*Robert Abram,* of counsel), for plaintiffs.

*Burroughs, Buck, Stalker & Chapman* (*Douglas I. Buck,* of counsel), for defendant Fields.

*Gault, Davison & Bowers* (*Mathew Davison, Jr.,* of counsel), for defendant McDill.

SOURIS, J. Defendants asked the trial court to grant summary judgment in their favor, alleging as the sole basis for such grant the provisions of section 1 of part 2 and section 15 of part 3 of the workmen's compensation act, CLS 1961, §§ 412.1, 413.15 (Stat Ann 1960 Rev §§ 17.151, 17.189). Section 1 pertinently provides:

"Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment."

Section 15 pertinently provides:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies".

The trial judge in his decision granting summary judgment stated that since plaintiff Dolores Brooks had alleged in her complaint all of the facts necessary to bring into play the presumption of section 1 she could not on trial be permitted to rebut that presumption, and if the presumption were unre-

butted her suit could not succeed. We need not consider this reasoning process in its entirety simply because the trial judge's basic premise was wrong.

The fact is that the complaint of Dolores Brooks did not allege all facts necessary to give rise to section 1's presumption. For example, nothing appears in the complaint, or in any of the nonconclusionary pleadings before the trial court, to indicate when or whether Mrs. Brooks' working hours had begun or ended. Without such information, it is impossible to say that the presumption has arisen, since it arises only within a "reasonable time" before or after working hours. Thus the judgment of the trial judge, based as it was upon a major misconception of the record, cannot be permitted to stand.

Furthermore, even if Mrs. Brooks were in the course of her employment by virtue of section 1's presumption, she would not be barred from suit by section 15 unless the defendants also were in the course of their employment by the same employer. Aside from pleading such conclusion as an affirmative defense, denied by plaintiffs, there was nothing before the trial court, not even an affidavit, from which such a finding could be made even if it were then appropriately the function of the judge to make such findings. Under such circumstances, summary judgment as provided for by GCR 1963, 117, should not have been entered. See *Durant* v. *Stahlin* (*Appeal in re Van Dusen, Elliott, Romney*), 375 Mich 628, 640, also decided this day.

Reversed and remanded. Costs to plaintiffs.

T. M. KAVANAGH, C. J., and SMITH and ADAMS, JJ., concurred with SOURIS, J.

KELLY, J. (*dissenting*). Plaintiffs appeal from the trial court's order granting defendants' motion for summary judgment as set forth in their "state-

ment of facts," under the subheading "the accident facts," as follows:

"These are the cases of Dolores and Ernest Brooks which are consolidated for appeal. Plaintiff Dolores Brooks was injured in an automobile collision which occurred on January 13, 1961, *at about 3:10 p.m., in a private parking lot maintained by the Ternstedt Division, General Motors Corporation,* when an automobile owned and operated by defendant John McDill collided with an automobile owned and operated by defendant Oscar Fields, while Dolores Brooks was in said John McDill's vehicle as a passenger. Plaintiff Ernest Brooks brings his action for medical expenses and loss of his wife, Dolores Brooks' services and consortium. *Dolores Brooks, John McDill and Oscar Fields were all employed by the Ternstedt Division, General Motors Corporation, and were all employed in the same plant.* Ernest Brooks was not employed by the Ternstedt Division. *The collision between the two vehicles happened at the conclusion of the working day."* (Emphasis ours.)

Both defendants filed affirmative defenses alleging that plaintiff Dolores Brooks and both defendants, together with their mutual employer, were at the time of the accident subject to the provisions of the workmen's compensation act and that the exclusive remedy for recovery on account of injuries and damages sustained "is that provided by said workmen's compensation act."

Plaintiffs answered defendants' affirmative defenses denying the allegations and stating "that as a matter of fact your Dolores Brooks was not acting within the scope of her employment."

Defendants moved the court to enter summary judgment for the reason that: "Plaintiff's action is barred by the provisions of CLS 1961, §§ 412.1, 413.15 (Stat Ann 1960 Rev §§ 17.151, 17.189)."

The pertinent part of CLS 1961, § 412.1 (Stat Ann 1960 Rev § 17.151) is the amendment by PA 1954, No 175, that:

"Every employee going to or from his work while on the premises where his work is to be performed, and within a reasonable time before and after his working hours, shall be presumed to be in the course of his employment."

CLS 1961, § 413.15 (Stat Ann 1960 Rev § 17.189), provides in part as follows:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section."

In granting defendants' motion, the trial court, after holding that the language of the act as amended* applies not only to one " 'while at the place where his work is to be performed or while actually performing it, but to one "going to or from his work while on the premises," ' " asks "where," as in the instant case, "plaintiff alleges by way of complaint all facts necessary to sustain the validity of the presumption, can it now be claimed that the same plaintiff will rebut said presumption on trial to show that the facts are otherwise?"

The court properly relied upon *Freiborg* v. *Chrysler Corporation,* 350 Mich 104, 107, and correctly construed CLS 1961, § 412.1 that the workmen's compensation act applies not only to injuries received

---

* CLS 1961, § 412.1 (Stat Ann 1960 Rev § 17.151).

" 'while at the place where his work is to be performed or while actually performing it, but to one "going to or from his work while on the premises," ' " as is disclosed by the syllabus in that case:

"Injury to plaintiff employee on parking lot provided by employer for the employees, inflicted upon plaintiff by a fellow employee while plaintiff was en route from his car to place where work was to be performed a short while before working hours, *held,* to have arisen out of and in the course of his employment and compensable."

Appellant Dolores Brooks majors the point that she has never applied for or received compensation, and states that the question now presented to this Court has never been ruled upon in Michigan.

There is no election of remedies under the workmen's compensation act. See CLS 1961, § 413.15 (Stat Ann 1960 Rev § 17.189).

In *Sargeant* v. *Kennedy,* 352 Mich 494, we held that the statute (CLS 1961, § 413.15 [Stat Ann 1960 Rev § 17.189]) bars all actions against a fellow employee when plaintiff's injuries arise out of and in the course of his employment, without regard as to whether or not there has been a prior action for compensation.

The importance of this immunity provision for fellow employees is commented upon in 2 Larson's Workmen's Compensation Law, § 72.20, pp 173, 174, as follows:

"It is perfectly possible, within the bounds of compensation theory, to make out a case justifying this legislative extension of immunity to the co-employee. The reason for the employer's immunity is the *quid pro quo* by which the employer gives up his normal defenses and assumes automatic liability, while the employee gives up his right to common-law verdicts. This reasoning can be extended to the tortfeasor coemployee; he too is involved in this

compromise of rights. Perhaps one of the things he is entitled to expect in return for what he has given up is freedom from common-law suits based on industrial accidents in which he is at fault. The sense of moral indignation expressed by some courts at the thought of relieving the coemployee of the normal consequences of his wrongdoing will bear some closer examination. It must never be forgotten that the coemployee, by engaging in industrial work over a period of years, is subjected to a greatly increased risk not only of being himself injured, but also of himself negligently causing injury. In other words, by becoming employed in industry, particularly in hazardous industry, the worker enormously multiplies the probability of not only injury to himself but liability on himself. And, if whenever his own negligence caused injury he might be liable to pay thousands of dollars in damages, the beneficent effects of workmen's compensation might be offset by the potential liabilities which confront the worker, particularly in activities where the risk of injury is great.

"It must be observed, however, that the immunity attaches to the coemploye only when the coemployee is acting in the course of his employment. This is consistent with the justification for the immunity just described, since the coemployee's employment status does not increase the risk of his causing nonindustrial injuries to his fellow-workers. The same rule applies under the broader statutes exempting from suit all persons subject to or bound by the compensation acts. An employee under the act who injures some other employee also under the act is liable to common-law suit if at the time of causing injury he was deviating from the course of his employment."

The court did not err in finding that plaintiff Dolores Brooks' exclusive remedy for recovery was that provided by the workmen's compensation act.

Ernest Brooks is barred from bringing a common-law action against his wife's coemployees. See *Moran v. Nafi Corporation*, 370 Mich 536.

The judgment should be affirmed.   Costs to appellees.

DETHMERS and O'HARA, JJ., concurred with KELLY, J.

BLACK, J., did not sit.