SCHMIDT v WARREN METALS, INC.

1. STATUTES—RESIDENTIAL BUILDERS—LICENSES—PLEADING—SUM-
   MARY JUDGMENT—COURT RULES.

   A statute which denies to unlicensed residential builders the
   capacity to sue for the collection of compensation for work
   performed also imposes on a builder who does bring such an
   action the duty to plead and prove the existence of a license,
   and a plaintiff who fails to do so thereby fails to state a cause
   of action upon which relief can be granted, and a summary
   judgment can be properly granted (MCLA 338.1516; GCR 1963,
   117.2[1]).

2. MOTIONS—SUMMARY JUDGMENT—PLEADING—FAILURE TO STATE
   CLAIM—COURT RULES.

   A trial court is bound to consider only the pleadings when ruling
   upon a motion for summary judgment for failure to state a
   claim upon which relief can be granted, and such a motion
   should be granted a defendant only if it appears on the face of
   the complaint that the plaintiff cannot recover (GCR 1963,
   117.3).

3. MOTIONS—SUMMARY JUDGMENT—PLEADING—FAILURE TO STATE
   CLAIM—FACTS.

   The test to be applied where a defendant has moved for summary
   judgment for failure of the plaintiff to state a claim upon which
   relief can be granted is whether the plaintiff's claim is so
   clearly unenforceable as a matter of law that no factual devel-
   opment can possibly justify a right of recovery.

4. JUDGMENT—SUMMARY JUDGMENT—STATUTES—RESIDENTIAL BUILD-
   ERS—FINDING OF FACT.

   Summary judgment is properly granted in favor of a defendant
   for whom a plaintiff performed work within the meaning of the
   statute requiring licensing of residential builders only if the
   trial judge can find that the plaintiff was a "residential

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 13 Am Jur 2d, Building and Construction Contracts § 130 et seq.
[2, 3] 73 Am Jur 2d, Summary Judgment §§ 12–19.

builder" within the meaning of the statute (MCLA 338.1502[b], 338.1516).

Appeal from Macomb, Edward J. Gallagher, J. Submitted October 9, 1975, at Lansing. (Docket No. 22748.) Decided October 28, 1975.

Complaint by Joseph F. Schmidt against Warren Metals, Inc. and Union Investment Company for payment for services rendered. Summary judgment for defendants. Plaintiff appeals. Reversed and remanded.

*Marston & Marston,* for plaintiff.

*Daner, Freeman, McKenzie & Matthews, P. C.* (by *Gary E. Gendernalik),* for defendant Warren Metals, Inc.

Before: QUINN, P. J., and D. E. HOLBROOK and D. E. WALSH, JJ.

D. E. HOLBROOK, J. On April 3, 1972 plaintiff filed a complaint alleging that on August 26, 1971 he had entered into an oral agreement with defendant Warren Metals[1]: " * * * to perform certain work, labor and services for it and in consideration of the performance of said work, labor and services by plaintiff, said defendant agreed to pay to plaintiff the reasonable value of said work, labor and services". The complaint alleged that defendant owed plaintiff $12,000 for work performed during a period of 30 weeks. Plaintiff based the four counts in his complaint on theories of *quantum meruit,* oral contract, implied contract and mechanics' lien. Pretrial procedures which included the taking of depositions and substitution

[1] There is no indication that Union Investment Company ever took any active part in this litigation.

of defendant's counsel took more than two years. Trial was set for October 30, 1974. The proceedings on that date opened with defendant's attorney making a motion to dismiss. He based this motion on MCLA 338.1516; MSA 18.86(116). That statute provides for certain penalties in the case of persons acting as residential builders who do so without the proper license. The statute then provides that, in order for a residential builder to sue in the courts of Michigan, he must be licensed. Because defendant was relying on this statute, plaintiff's attorney characterized defendant's motion as a motion for accelerated judgment. This, plaintiff argues, was due to the fact that the motion was essentially an attack upon plaintiff's capacity to sue. Plaintiff's counsel then argued that the defense should have raised their motion for accelerated judgment by the first responsive pleading. Defendant's attorney then amended his motion, making it a request for summary judgment for failure to state a claim upon which relief can be granted pursuant to GCR 1963, 117.2(1). This he could do since the rule states that a motion for summary judgment can be made "at any time". Then defense counsel argued that MCLA 338.1516, *supra,* requires that a builder allege and prove the existence of a license before he can bring an action; since plaintiff failed to do so his complaint did not state a cause of action upon which relief could be granted. The trial court granted the motion for summary judgment. The motion was reheard on December 9, 1974. At this time plaintiff again characterized defendant's prior motion as an attack upon plaintiff's capacity to sue. Plaintiff argued that this actually made defendant's motion one for accelerated judgment which should have been denied as untimely. Plaintiff also argued that he was not a "residential builder" as

defined by the statute. The trial court refused to set aside the summary judgment and plaintiff appeals.

We deal first with plaintiff's contention that defendant's motion for summary judgment was essentially an attack upon plaintiff's capacity to sue. The statute in question, MCLA 338.1516, *supra,* provides for penalties in the case of persons who, unlicensed, engage in the business of being residential builders. The statute then provides:

> "No person engaged in the business or acting in the capacity of a residential builder and/or residential maintenance and alteration contractor may bring or maintain any action in any court of this state for the collection of compensation for the performance of any act or contract for which a license is required by this act without alleging and proving that he was duly licensed under this act at all times during the performance of such act or contract."

The statute plainly denies to unlicensed residential builders the capacity to sue. If this were all the statute did, then plaintiff's contention would be correct; but the statute does more. It imposes upon the plaintiff the duty to plead and prove the existence of a license. In thus providing, the statute adds an element to a cause of action brought in our courts by a residential builder/plaintiff. Without alleging this element, the complaint of a residential builder/plaintiff fails to state a cause of action upon which relief can be granted. In such a case a summary judgment under GCR 1963, 117.2(1) would be properly granted.

Plaintiff's complaint did not allege the existence of a license. Therefore, if plaintiff was a residential builder, the summary judgment was properly granted. Plaintiff claims that he was not a residen-

tial builder and was therefore not subject to the licensing requirement.

MCLA 338.1502(b); MSA 18.86(102)(b) defines a residential builder as:

" 'Residential builder' means any person engaged in the construction of residential structures or a combination of residential and commercial structures who, for a fixed sum, price, fee, percentage, valuable consideration or other compensation, *other than wages,* undertakes with another or offers to undertake or purports to have the capacity to undertake with another for the erection, construction, replacement, repair, alteration or any addition to, subtraction from, improvement, movement of, wrecking of or demolition of, a residential structure or combination of residential and commercial structure, or any person who manufactures, assembles, constructs, deals in, distributes residential or combination residential and commercial structures which are prefabricated, preassembled, precut, packaged or shell housing, or any person who erects a residential structure or combination of residential and commercial structure except for his own use and occupancy on his own property." (Emphasis supplied.)

It is undisputed that the nature of the services allegedly performed by plaintiff are within the meaning of the statute. What is crucial is the nature of the compensation to be paid plaintiff. If the compensation were "other than wages" it would appear that plaintiff was indeed a residential builder and should have been licensed.

The trial judge ruled that plaintiff was indeed a residential builder and granted defendant's motion for summary judgment. In so doing, the court was bound to consider only the pleadings. GCR 1963, 117.3, *Drouillard v Roseville,* 9 Mich App 239; 156 NW2d 628 (1967), *Todd v Biglow,* 51 Mich App 346; 214 NW2d 733 (1974). The motion for summary judgment should have been granted only if it

appeared on the face of the complaint that plaintiff could not recover. *Major v Schmidt Trucking Co,* 15 Mich App 75; 166 NW2d 517 (1968), *Johnston's Administrator v United Airlines,* 23 Mich App 279; 178 NW2d 536 (1970). The test to be applied in such a case is whether the plaintiff's claim is so clearly unenforceable as a matter of law that no factual development can possibly justify a right of recovery. *Crowther v Ross Chemical & Mfg Co,* 42 Mich App 426; 202 NW2d 577 (1972). That is, the complaint must show the actual existence of all the facts necessary for a complete defense. *Brooks v Fields,* 375 Mich 667; 135 NW2d 346 (1965).

Summary judgment was properly granted in this case only if the trial judge could find, from the complaint, that plaintiff was a residential builder. To do so, the trial judge would have had to find that plaintiff was working for compensation "other than wages". We hold that such a finding is not warranted by the facts as pled. Allegations that plaintiff is owed the sum of $12,000 for 30 weeks' work are as consistent with a theory of payment by wages as they are with the theory of payment "other than wages". The $12,000 amount could very well have been arrived at by terms of a contract allowing for hourly, daily, or weekly rates of pay. The terms of such a contract and the question of its very existence are factual matters which are in dispute.

Reversed and remanded for proceedings not inconsistent with this opinion. Costs to plaintiff.