## DRENKHAHN v SMITH

Docket No. 44785. Submitted April 3, 1980, at Grand Rapids.—Decided September 17, 1980.

Robert Drenkhahn, Jr., an employee of Barry Excavating, Inc., was killed in an excavation cave-in during a sewer construction project undertaken by Barry Excavating for the City of Portage. Robert Drenkhahn, administrator of the estate of Robert Drenkhahn, Jr., brought a negligence action in Kalamazoo Circuit Court against the City of Portage. The trial court granted summary judgment in favor of the City of Portage on the basis of governmental immunity. The Court of Appeals affirmed that order of summary judgment. *Drenkhahn v City of Portage,* Docket No. 77-3232, unpublished per curiam opinion released June 22, 1978. During the pendency of that appeal, plaintiff administrator brought this negligence action against James E. Smith, the city engineer for the City of Portage, and Gordon Neuens and John Brodhagen, a/k/a Jack Brodhagen, inspectors in the engineering department of the City of Portage. Defendants brought a third-party action against Barry Excavating and moved for summary judgment. Patrick H. McCauley, J., granted defendants' motion for summary judgment. Plaintiff appeals. *Held:*

1. Although the basis of the motion for summary judgment was not specified below, the Court of Appeals assumes that the basis for the motion was that plaintiff failed to state a claim upon which relief can be granted, since the defendants' motion for summary judgment was not accompanied by an affidavit satisfying the requirements for a motion for summary judgment on the basis that there existed no question of fact other than damages.

2. Defendants' argument relative to the Michigan and Fed-

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error § 546.

[2] 73 Am Jur 2d, Summary Judgment §§ 27, 29.

[3] 57 Am Jur 2d, Municipal, School, and State Tort Liability §§ 45-49, 77.

63 Am Jur 2d, Public Officers and Employees §§ 291, 461.

[4] 57 Am Jur 2d, Municipal, School, and State Tort Liability § 5.

eral occupational safety and health acts is misplaced, since plaintiff's pleadings were based upon a common-law duty. Accordingly, the question of whether those acts created a private cause of action need not be addressed by the Court of Appeals.

3. Since defendants' motion for summary judgment was on the basis of the failure of plaintiff to state a cause of action upon which relief can be granted, such motion should not have been granted if plaintiff's pleadings stated a valid claim and raised issues of fact, unless those pleadings also either affirmatively showed every fact necessary for a complete defense or disclosed a fatal defect in the pleadings which cannot be overcome by an amendment to those pleadings.

4. Irrespective of whether the *ultra vires* acts test or the ministerial-discretional acts test is used to determine whether a public employee is clothed with governmental immunity, a question of fact exists in this case relative to the question of the applicability of the doctrine of governmental immunity. Accordingly, it was error for the trial court to decide as a matter of law that such immunity exists.

5. Defendants, as employees of the City of Portage, owed to plaintiff the duty to use reasonable care to insure that the job site was in a safe condition, since, by contract, the defendants, in their official capacities, had the authority and duty to supervise and inspect the construction site to insure compliance with contract specifications, including those specifications relating to safety.

Reversed and remanded.

1. APPEAL — PLEADING — PRESERVATION OF QUESTIONS.

The Court of Appeals will not consider on appeal a question which is based upon a theory of recovery which was not incorporated in the pleadings submitted in the trial court.

2. JUDGMENTS — SUMMARY JUDGMENT — FAILURE TO STATE CLAIM — PLEADING — COURT RULES.

Summary judgment on the basis of the failure to state a claim upon which relief can be granted should not be entered where the pleadings state a valid claim and raise issues of fact, unless those pleadings also either affirmatively show the existence of every fact necessary for a complete defense or disclose a fatal defect in the pleadings which cannot be overcome by an amendment to the pleadings (GCR 1963, 117.2[1]).

3. TORTS — GOVERNMENTAL IMMUNITY — PUBLIC EMPLOYEES — LIABILITY — QUESTIONS OF FACT.

The question of whether a public employee is liable individually

in tort for acts undertaken in his official capacity raises questions of fact irrespective of whether the test for determining whether such person has governmental immunity is the *ultra vires* acts test or the ministerial-discretionary acts test.

4. TORTS — MUNICIPAL CORPORATIONS — PUBLIC EMPLOYEES — DUTY OF CARE.

Employees of a municipal corporation owe a duty of care to an employee of a contractor engaged by a municipal corporation where, by the contract with the contractor, such municipal employees have the authority and duty to supervise and inspect the construction work to insure compliance with contract specifications, since by such contract the municipal corporation, through its employees, undertakes to use reasonable care to insure that the job site is in a safe condition for the employees of the contractor.

*Sloan, Risdon, Benefiel & Farrer,* for plaintiff.

*Lilly & Domeny, P.C.* (by *Sally Zack Wheeler),* for defendants.

Before: D. E. HOLBROOK, JR., P.J., and T. M. BURNS and E. E. BORRADAILE,* JJ.

PER CURIAM. On February 5, 1975, plaintiff's decedent, employed by Barry Excavating, Inc., was killed in an excavation cave-in during sewer construction work. In a suit against the City of Portage, the trial judge granted summary judgment because of governmental immunity. That judgment was sustained by this Court. *Drenkhahn v Portage* (Docket No. 77-3232, decided June 22, 1978 [unreported]).

The instant suit was commenced against the defendants, all employees of the City of Portage, in their individual capacities, for their own negligence. Defendant Smith was the city engineer, and defendants Neuens and Brodhagen were inspectors in the engineering department.

* Circuit judge, sitting on the Court of Appeals by assignment.

On February 8, 1978, the employer of plaintiff's decedent was added as a third-party defendant. On April 16, 1979, an order of summary judgment was entered, and on June 5, 1979, an order of dismissal of the third-party complaint was entered. On June 18, 1979, the trial court entered an amended order of summary judgment.

It is not apparent from the files and records on what basis the trial court entered summary judgment. The only affidavit was by defendants' attorney on information and belief, therefore the requirements of GCR 1963, 117.2(3) are not satisfied. Apparently, the motion was based on GCR 1963, 117.2(1), thus the plaintiff's complaint must be read in plaintiff's favor and, if the pleadings under any fact situation would justify the claim the motion for summary judgment should have been denied. See *Sullivan v The Thomas Organization, PC,* 88 Mich App 77; 276 NW2d 522 (1979).

Defendants argue that because the City of Portage cannot be held liable, the theory of *respondeat superior* by inverse process would mean that an employee of the city also could not be liable. They also argue that the Federal Occupational Safety and Health Act (OSHA), 29 USC 651 *et seq.,* and the Michigan Occupational Safety and Health Act, MCL 408.1001 *et seq.;* MSA 17.50(1) *et seq.,* do not create any duties under which plaintiff can maintain an action.

Plaintiff argues that he never claimed any rights under either Federal or state occupational safety and health acts but rather that the claims were based on a common-law duty. He also argues that the acts required of defendants under the contract involved ministerial rather than discretionary acts, hence governmental immunity is not a defense for any negligent acts.

## I

The trial court was correct in ruling that neither the Federal Occupational Safety and Health Act nor the Michigan Occupational Safety and Health Act apply to create any duties that benefit plaintiff in this case.

29 USC 652(5) provides: "The term 'employer' means a person engaged in a business affecting commerce who has employees, but does not include the United States or any State or political subdivision of a State."

It has been held that a general contractor is not responsible for acts of a subcontractor for purposes of OSHA. See *Southeast Contractors, Inc v Dunlop*, 512 F2d 675 (CA 5, 1975), *Cochran v International Harvester Co*, 408 F Supp 598 (WD Ky, 1975).

While Michigan law is not as clear, since MCL 408.1005(2); MSA 17.50(5)(2) provides that an " '[e]mployer' means an individual or organization, including the state or a political subdivision, which employs 1 or more persons", a Federal case, *Clarkson Construction Co v Occupational Safety & Health Review Comm*, 531 F2d 451 (CA 10, 1976), suggests that such acts have a broad remedial purpose of protecting a worker from industrial injury and the employer who controls the work environment may not be the same employer for wage or tort purposes.

It would appear that the breach of Federal and state occupational safety and health acts does not necessarily provide a private cause of action, but plaintiff does not allege either act created a private cause of action, hence this Court does not deal with that question.

## II

Plaintiff specifically alleged that defendants

breached a common-law duty to make sure the work was not done in a dangerous or hazardous manner, but the trial court failed to deal with that question.

Because we treat the motion in this case as a motion for summary judgment under GCR 1963, 117.2(1), if the pleadings state a legally valid claim and raise issues of fact, the motion should not have been granted. *Blades v Genesee County Drain Dist No 2,* 375 Mich 683; 135 NW2d 420 (1965). A pleaded claim which incorporates a valid legal theory cannot be summarily dismissed for failure to state a cause of action unless the pleadings on their face affirmatively show the existence of every fact necessary for a complete defense, *Brooks v Fields,* 375 Mich 667; 135 NW2d 346 (1965), or unless the pleadings disclose a fatal defect which could not be overcome by an opportunity to amend, *Nuyen v Slater,* 372 Mich 654; 127 NW2d 369 (1964). See discussion in 1 Honigman & Hawkins, Michigan Court Rules Annotated (2d ed), 1979 Supp, Existence of Issues of Fact, p 137.

In *Lovitt v Concord School Dist,* 58 Mich App 593; 228 NW2d 479 (1975), this Court noted that the question of whether governmental immunity extended to an employee was one of first impression but found school athletic coaches could be liable on a common-law theory of liability, citing *Pichette v Manistique Public Schools,* 50 Mich App 770, 776; 213 NW2d 784 (1973), where the issue did not have to be resolved, and *Rush v Pierson Contracting Co,* 310 F Supp 1389 (ED Mich, 1970), where a Michigan State Highway Department foreman responsible for maintenance of an overpass was held accountable for his own acts of commission or omission, if said acts were in fact negligent.

*Lovitt, supra,* 602, cites OAG 1961-1962, No 4061, p 419, 420 (May 28, 1962):

"Such immunity of state agencies does not extend to their officers, agents and employees. On the contrary, they are subject to liability personally based upon personal injuries or property damage caused by their own negligent acts."

*Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979), is not clear. The opinion by Justice LEVIN, concurred in by Justices KAVANAGH and FITZGERALD, would find questions of fact as to employee liability. Justice WILLIAMS would find no immunity for a public employee if he engaged in *ultra vires* activities, referring to his opinions in *McCann v Michigan,* 398 Mich 65, 73-74; 247 NW2d 521 (1976), and *Galli v Kirkeby,* 398 Mich 527; 248 NW2d 149 (1976). Whether an act is *ultra vires* seems also to be a question of fact based upon the circumstances of a particular case.

Substantiating the argument of plaintiff as to the distinction between ministerial and discretionary acts is *Antkiewicz v Motorists Mutual Ins Co,* 91 Mich App 389, 397-398; 283 NW2d 749 (1979), *vacated on other grounds* 407 Mich 936 (1979), where this Court said:

"The liability of a public officer for tortious acts committed in the scope of his employment is determined by deciding whether the acts of the officer are 'discretionary' or 'ministerial'.[3] Discretionary acts are normally protected under governmental immunity; ministerial acts are not. Prosser, Torts (4th ed), § 132, pp 989-990.

"The difference between discretionary and ministerial acts is one of degree. Discretionary acts are those of a legislative, executive, or judicial character. *Sherbutte v*

*Marine City,* 374 Mich 48, 54; 130 NW2d 920 (1964), *Armstrong v Ross Twp,* [82 Mich App 77, 81; 266 NW2d 674 (1978)]. Such acts have been held to include disapproval of liquor bonds of private citizens, *Amperse v Wilslow,* 75 Mich 234; 42 NW 823 (1889), and control over the operation of a particular law enforcement system, *Walkowski v Macomb County Sheriff,* 64 Mich App 460; 236 NW2d 516 (1975).

"Ministerial acts are those where the public officer has little decision-making power during the course of performance; the officer's acts are primarily in response to orders. See Prosser, *supra* at 990. Prior Michigan decisions have deemed ministerial acts to include the issuance by a county drain commissioner of partial payments for a drain construction, *People, for use of Lapeer County Bank v O'Connell,* 214 Mich 410; 183 NW 195 (1921); seizure of property for delinquent taxes, *Raynsford v Phelps,* 43 Mich 342; 5 NW 403 (1880); an arrest by a police officer, *Sherbutte v Marine City, supra;* and the denial of a building permit by a building inspector, *Armstrong v Ross Twp, supra.*

"[3] The Supreme Court has not reached a consensus on the proper method to employ for determining whether public employees are protected by governmental immunity. See *Bush v Oscoda Area Schools,* 405 Mich 716; 275 NW2d 268 (1979). In absence of recent guidance, we choose to employ the widely-utilized 'discretionary' acts/ 'ministerial' acts distinction. See *Armstrong v Ross Twp,* 82 Mich App 77; 266 NW2d 674 (1978)."

## III

The duty which plaintiff claims is premised upon 2 Restatement Torts, 2d, § 324A, p 142, which states:

"One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his failure to exercise reasonable care to protect his undertaking, if

"(a) his failure to exercise reasonable care increases the risk of such harm, or

"(b) he has undertaken to perform a duty owed by the other to the third person, or

"(c) the harm is suffered because of reliance of the other or the third person upon the undertaking."

This Court in *Ray v Transamerica Ins Co,* 46 Mich App 647, 656-657; 208 NW2d 610 (1973), and *Wilhelm v The Detroit Edison Co,* 56 Mich App 116, 131; 224 NW2d 289 (1974), has approved this section of the Restatement of Torts.

Plaintiff has not alleged reliance on any undertaking of defendants, thus subparagraph (c) does not apply. However, subparagraph (b) does not require reliance. *Olkowski v Aetna Casualty & Surety Co,* 53 Mich App 497; 220 NW2d 97 (1974), aff'd 393 Mich 758 (1974).

A careful reading of the contract between the City of Portage and Barry Excavating, Inc. reveals several contract provisions which vested defendants with the authority and duty to supervise and inspect the construction work to insure compliance with contract specifications. Logically deducible from this contract language is the duty to use reasonable care in maintaining the job site in a safe condition for workers such as plaintiff's decedent. The trial judge erred, therefore, when he ruled that as a matter of law defendants had no contractual duty of care to decedent.

Reversed, costs to plaintiff.