CARROLL v ECONOMIC DEVELOPMENT CORPORATION OF
CALHOUN COUNTY

Docket No. 56606. Submitted February 3, 1982, at Grand Rapids.—
Decided May 27, 1982.

John Carroll, Harriet Carroll and Aaron Acker, operators of
certain commercial establishments in the downtown business
district of the City of Marshall, brought an action for declara-
tory judgment, mandamus and injunctive relief against the
Economic Development Corporation of the County of Calhoun,
alleging that a certain shopping mall project which was being
financed by economic development funds would, by reason of
the unfair competition of the stores located in the proposed
mall, have the effect of transferring employment from down-
town Marshall to the mall and that such a transfer of employ-
ment was specifically prohibited by the provisions of the Eco-
nomic Development Corporations Act. Defendant moved for
accelerated judgment on the basis that plaintiffs lacked stand-
ing to sue and for summary judgment on the basis of a failure
to state a claim upon which relief can be granted. Stanley E.
Everett, J., granted both motions. Plaintiffs appeal. *Held:*

1. The provision in the Economic Development Corporations
Act requiring certification that a project plan approved by an
economic development corporation will not have the effect of
transferring employment has reference to the transfer of exist-
ing employment. An economic development corporation does
not have to certify that competition from businesses located in
the project will not result in the transfer of employment to the
project area at some future date. Since plaintiffs have made no
allegation that any existing downtown business plans to relo-
cate in the mall project or that there will be a transfer of
existing downtown employment to the mall project, plaintiffs
lack standing to bring this suit pursuant to the Economic
Development Corporations Act.

2. The public securities provision of the Revised Judicature

REFERENCES FOR POINTS IN HEADNOTES

[1] 73 Am Jur 2d, Statutes § 265.

[2] 64 Am Jur 2d, Public Securities and Obligations § 506.
73 Am Jur 2d, Statutes § 350.

[3] 59 Am Jur 2d, Parties §§ 26-28.

Act does not provide a basis by which plaintiffs are provided with the necessary standing to sue to challenge the economic development project.

Affirmed.

1. STATUTES — JUDICIAL CONSTRUCTION.

Statutes are to be construed so as to avoid absurd results.

2. MUNICIPAL CORPORATIONS — ECONOMIC DEVELOPMENT CORPORATIONS ACT — TRANSFER OF EMPLOYMENT.

The provision in the Economic Development Corporations Act requiring certification that a project plan approved by the economic development corporation will not have the effect of transferring employment has reference to the transfer of existing employment and does not refer to possible future transfers of employment which might result from competition from businesses located in the project area (MCL 125.1608[3]; MSA 5.3520[8][3]).

3. MUNICIPAL CORPORATIONS — ECONOMIC DEVELOPMENT CORPORATIONS ACT — PUBLIC SECURITIES — STANDING TO SUE.

The public securities provision of the Revised Judicature Act does not establish a basis for standing to sue by one seeking to challenge an economic development project created under the Economic Development Corporations Act (MCL 125.1601 *et seq.*, 600.2942; MSA 5.3520[1] *et seq.*, 27A.2942).

*Stuart & Stuart* (by *Mark A. Stuart*), for plaintiffs.

*Kingsley, Tuck & Garrison* (by *James C. Kingsley*), for defendant.

Before: ALLEN, P.J., and R. B. BURNS and J. H. GILLIS, JJ.

PER CURIAM. Plaintiffs initiated this action against defendant alleging various wrongdoings under the Economic Development Corporations Act. MCL 125.1601 *et seq.;* MSA 5.3520(1) *et seq.* Defendant moved for accelerated judgment based upon plaintiffs' lack of standing and for summary

judgment for failure to state a claim upon which relief may be granted. The trial court granted both motions, and plaintiffs appeal as of right.

Plaintiffs claim that the building of the shopping center pursuant to the Economic Development Corporations Act will adversely affect the downtown business community of Marshall as the result of unfair competition. In order to fully appreciate plaintiffs' position, we will first deal with the proper construction of MCL 125.1608(3); MSA 5.3520(8)(3). If the section means that the corporation shall certify that the project will not have the effect of transferring employment at any time, including as the result of competition, plaintiffs would have standing because they would be within the class of persons protected by the statute and the statute would protect them against that type of injury. If, on the other hand, the section means that the corporation shall certify that the project will not have the effect of transferring *existing* employment from a community to the project, plaintiffs would lack standing because their claimed future injury would not be sufficiently concrete nor would there exist a substantial likelihood that the requested relief would redress the injury (loss of business by competition). *Duke Power Co v Carolina Environmental Study Group, Inc,* 438 US 59, 73; 98 S Ct 2620; 57 L Ed 2d 595 (1978).

Statutes are to be construed so as to avoid absurd results. *Bofysil v Dep't of State Highways,* 44 Mich App 118, 129; 205 NW2d 222 (1972). To accept plaintiffs' claim that MCL 125.1608(3); MSA 5.3520(8)(3) refers to any transfer of employment, including as the result of competition, would produce absurd results. A corporation would have to be clairvoyant to make that type of certification.

Virtually no one could say that at the time the project was to be approved that no employment would be transferred because of competition.

We agree with defendant's claim that the statute refers to the transfer of existing employment, not the eventual transfer of employment as a result of competition in the future. Plaintiffs have not alleged that any business from downtown Marshall is moving to this project so as to bring it under the protection provision of MCL 125.1608(3); MSA 5.3520(8)(3). Nor have plaintiffs alleged that there is any problem with displacement relocation or compensation thereof. MCL 125.1608(4), subds (l), (m); MSA 5.3520(8)(4), subds (l), (m).

We also reject plaintiffs' claim that MCL 600.2942; MSA 27A.2942 provides standing. There is no provision in that section which allows plaintiffs to initiate an action.

Furthermore, the grant of summary judgment pursuant to GCR 1963, 117.2(1) was proper since plaintiffs never alleged that there was any existing employment which would be transferred to this project. The court's decision on this ground was not improper fact-finding because interpretation of a statute is a question of law. Having failed to make the proper allegations, summary judgment was proper. *Drenkhahn v Smith,* 103 Mich App 278, 283; 303 NW2d 176 (1980); *Demido v Attorney General,* 100 Mich App 254, 256-259; 299 NW2d 43 (1980).

Affirmed.