BUMBALOUGH v CITY OF ROSEVILLE POLICE AND FIRE CIVIL
SERVICE COMMISSION

Docket No. 58700. Submitted October 15, 1982, at Detroit.—Decided
December 13, 1982. Leave to appeal denied, 417 Mich 1046.

Kenneth L. Bumbalough and John Sarrach brought a complaint
against the Police and Fire Civil Service Commission for the
City of Roseville, alleging irregularities in the examination
given to candidates for promotion to police sergeant. The
Macomb Circuit Court, Kenneth N. Sanborn, J., enjoined the
use of the test results, holding that the exam was not competi-
tive, as required by statute. Defendant appeals. *Held:*

1. A court's review of a municipal civil service commission's
decision is to determine whether the decision is supported by
competent, material and substantial evidence, not whether the
probabilities preponderate one way or the other.

2. The defendant's decision that the exam was competitive
was a legitimate inference from the evidence. The record
contains sufficient support to conclude that the exam was
competitive within the meaning of the statute. The trial court
erred in finding otherwise.

Order vacated, and remanded for dismissal of plaintiffs'
complaint.

1. Civil Service — Civil Service Commissions — Municipalities —
Appeal.

The nature of a court's review of a decision of a municipal civil
service commission is to determine whether the decision is
supported by competent, material and substantial evidence; the
court is not to determine whether the probabilities preponder-
ate one way or the other but simply to determine whether the
evidence will justify the finding as a legitimate inference from
the facts proved, whether or not that inference would have
been drawn by the appellate tribunal.

References for Points in Headnotes
[1] 15A Am Jur 2d, Civil Service § 81.
[2] 15A Am Jur 2d, Civil Service § 41.

2. CIVIL SERVICE — COMPETITIVE EXAMINATION.
    A municipal civil service examination is to be practical in charac-
    ter and include such inquiries as will fairly and fully test the
    comparative merit and fitness of the persons examined to
    discharge the duties of the employment sought by them (MCL
    38.512; MSA 5.3362).

*Bokos, Jones & Plakas, P.C.* (by *C. Charles Bo-
kos),* for plaintiffs.

*LaBarge, Dinning & Lyons, P.C.* (by *Ronald H.
Greve),* for defendant.

Before: T. M. BURNS, P.J., and V. J. BRENNAN
and WAHLS, JJ.

PER CURIAM. Plaintiffs are police officers em-
ployed by the Roseville Police Department. Their
complaint, filed June 11, 1980, alleged certain
irregularities in an examination administered by
defendant as part of its evaluation of these officers
for promotion to police sergeant. Defendant did
not write this test but used a format developed by
the International Personnel Management Associa-
tion. Defendant has appealed as of right from a
circuit court order enjoining the use of these test
results.

Because of the absence of a complete record to
determine the basis of defendant's decision, the
circuit court conducted a hearing to receive testi-
mony from the parties. See *Drouillard v Roseville,*
9 Mich App 239; 156 NW2d 628 (1967). At the
circuit court hearing, each party introduced an
expert witness who testified regarding the validity
of the examination and the ability of the exam to
provide an adequate ranking of the officers who
took the test. Prior test takers were also intro-
duced to testify concerning irregularities in the
examination including: giving of identical tests

from year to year, resulting in some officers having answers to some of the 1980 test questions; problems with test books having been broken open; and confusion concerning the same identification number having been given to a number of persons taking the test.

The trial court issued its opinion on January 7, 1981, finding that defendant's review procedure, allowing exam takers to review their exams and take notes concerning these exams, destroyed the credibility of subsequent testing when these same exams were used. The trial court pointed out that the national average for officers scoring above 125 on the exam was .6% as compared with the Roseville average of 21% scoring above 125. Accordingly, the trial court found that the test could not be considered competitive and, therefore, violated the statutory requirements of MCL 38.507; MSA 5.3357.

This Court set forth the standard of review for decisions of a municipal civil service commission in *Core v Traverse City,* 89 Mich App 492, 498; 280 NW2d 569 (1979), as follows:

"The nature of a court's review of the decision of a municipal civil service commission is to determine whether the decision is supported by competent, material and substantial evidence. The court is not to determine whether the probabilities preponderate one way or the other but simply to determine whether the evidence is such that it will justify the finding as a legitimate inference from the facts proved, whether that inference would or would not have been drawn by the appellate tribunal. *Hunn v Madison Heights,* 60 Mich App 326; 230 NW2d 414 (1975); *Werner v Macomb County Civil Service Comm,* 77 Mich App 533; 258 NW2d 549 (1977)."

A review of the evidence and the limited nature

of the review available to the trial court leaves this Court with the impression that the circuit court improperly enjoined defendant from relying upon the 1980 exam scores. While defendant's procedure regarding review and administration of the exam is suspect, there is sufficient support on the record to conclude that the exam was competitive within the meaning of the statute. MCL 38.512; MSA 5.3362 provides only that the exam shall be practical in its character "and include such inquiries, as will fairly and fully test the comparative merit and fitness of the persons examined to discharge the duties of the employment sought by them". Defendant's expert witness, Lawrence Roy Binder, testified that, while the exam would not be valid to determine the ranking of Roseville officers against a national sample, it would be valid in ranking individual officers within the Roseville group. The purpose of a selection device such as the civil service examination is to identify individual differences among people who have taken the test. To properly determine the validity of the exam, the year-to-year scores and the relative positions of the persons within the testing group must be considered. In Roseville, the rankings of the officers correlated fairly consistently when the 1975, 1977 and 1980 exams were compared. This factor indicated that the 1980 exam would be a reliable measure of an officer's ability in a competitive exam situation.

The trial court was not in a position to weigh the internal procedures of defendant. Defendant's finding that the test was competitive and its resolution of all improprieties involved may be legitimately inferred from the testimony given and the record of its minutes. *Core, supra,* 498, citing *Hunn v Madison Heights,* 60 Mich App 326; 230

NW2d 414 (1975); *Werner v Macomb County Civil Service Comm,* 77 Mich App 533; 258 NW2d 549 (1977), *lv den* 402 Mich 836 (1977).

The circuit court order enjoining defendants from using these test results is vacated and the case remanded to the circuit court for dismissal of plaintiffs' complaint with prejudice.