WOLOSZYK v CLINTON CHARTER TOWNSHIP

Docket No. 167657. Submitted July 18, 1995, at Detroit. Decided November 14, 1995, at 9:25 A.M.

Frank Woloszyk, a police officer with the rank of sergeant II, brought an action in the Macomb Circuit Court against Clinton Charter Township and Clinton Township Fire and Police Civil Service Commission, seeking an order to compel his promotion to the rank of sergeant I. When a vacancy for a position of sergeant I occurred, there were three officers of the rank of sergeant II, the plaintiff and two others, who satisfied the promotion requirements, including the requirements relating to time in grade and time in the department, of § 12(2) of the fire and police civil service act, MCL 38.512(2); MSA 5.3362(2). When only the plaintiff applied for the position, the commission opened the examination to six other officers who had the rank of sergeant II but did not satisfy the requirements relating to time in grade or time with the department, despite the plaintiff's request for a single listing based on the fact that he was the only qualified candidate that sought to take the examination. The plaintiff passed the examination, but placed fourth, and did not receive the promotion. The court, Deborah A. Servitto, J., granted summary disposition for the defendants, holding that § 12(2) contemplated a competitive examination, which meant two or more candidates involved in the examination, and that because the plaintiff was the only candidate that satisfied all the requirements, including the service requirements, the commission properly waived the service requirements so as to create a field of two or more candidates. The plaintiff appealed.

The Court of Appeals held:

Although the "person or persons" language of § 12(2) lends some support for the plaintiff's position that he should have had a single listing as the sole qualified candidate, that language is irreconcilable with the general tenor of that subsection

REFERENCES

Am Jur 2d, Civil Service §§ 38-46.

See ALR Index under Civil Service; Fire Departments and Firefighters; Police and Law Enforcement Officers.

that the examination is to be competitive. Accordingly, the trial court properly decided that for the examination to be competitive there must be more than one candidate and that, to achieve a competitive examination, the commission properly waived the service requirements and opened the examination to other applicants with the rank of sergeant II.

Affirmed.

CIVIL SERVICE — POLICE OFFICERS — PROMOTIONS — COMPETITIVE EXAMINATIONS.

A fire and police civil service commission may waive the requirements of the fire and police civil service act relating to time in grade and departmental service where only one qualified candidate who satisfies those service requirements has applied for an examination for a promotion (MCL 38.512[2]; MSA 5.3362[2]).

*Bolanowski, Brennan & Smith* (by *Michael J. Smith* and *Richard S. Mroczka*), for the plaintiff.

*Towner & Towner, P.C.* (by *Charles R. Towner*), for Clinton Charter Township.

*Juneau, Henderson & Kosmala* (by *Peter B. Henderson*), for Clinton Township Fire and Police Civil Service Commission.

Before: MICHAEL J. KELLY, P.J., and SAWYER and D. R. FREEMAN,* JJ.

PER CURIAM. Plaintiff, Frank Woloszyk, an officer employed by the Clinton Township Police Department, brought suit under § 12(2) of the fire and police civil service act, MCL 38.512(2); MSA 5.3362(2), to compel his promotion to the level of sergeant I. Defendant Clinton Township Fire and Police Civil Service Commission brought a motion for summary disposition under MCR 2.116(C)(10), to which plaintiff responded and also moved for summary disposition. The trial court denied plaintiff's motion and granted summary disposition for defendants. Plaintiff appeals as of right.

* Circuit judge, sitting on the Court of Appeals by assignment.

Plaintiff had been employed at the Clinton Township Police Department as an officer since October 1974 and had advanced to the grade of sergeant II. In May 1990, an examination was to be conducted to fill the vacancy of sergeant I. Section 12(2) of the fire and police civil service act provided that promotion by competitive examination was available to officers who had held the next lower rank to the position to be filled for a period of two years and who had five years' service with the department.

At the time the examination was announced, there were three officers of the rank of sergeant II eligible to take this examination. Of the three, plaintiff was the only applicant. In view of this, the commission delayed the examination date and opened the examination to six other candidates of the same rank as plaintiff who did not meet the statutory requirements of time in grade or time served with the department.

Before the commission opened the examination to other applicants, plaintiff requested a single listing on the basis of the fact that he was the only qualified candidate eligible to take the examination. This request was denied by the commission. Plaintiff passed the examination, but his score placed him fourth out of seven candidates, and he did not receive the promotion.

It is plaintiff's position that because there were three candidates that met the requirements of § 12(2) at the time the vacancy occurred and the examination was announced and because he was the only eligible candidate to apply for the examination, the commission improperly opened the examination to others who did not meet the requirements.

Section 12(2) provides that if no other persons are eligible, a commission can open the examina-

tion to persons of the next lower rank as though the two-year service requirement for time in grade had been completed or waived. It further provides that if only one person in the next lower rank qualifies, persons in the second lower rank who have five years' experience in the department are eligible to compete. Plaintiff contends that these provisions of § 12(2) do not apply because there were three eligible officers available for the examination at the time of the vacancy and announcement of the testing and that when the other eligible officers did not apply, plaintiff should have been declared the only eligible candidate.

This Court must ascertain and give effect to the legislative intent. MCL 8.3a; MSA 2.212(1) requires that statutory language be construed "according to the common approved usage of the language." A court may depart from a literal reading of the statute where it is inconsistent with the policies imposed by the statute. *Muskegon Building & Construction Trades v Muskegon Area Intermediate School Dist,* 130 Mich App 420, 432; 343 NW2d 579 (1983). Statutes are to be construed so as to avoid absurd results. *Carroll v Economic Development Corp of Calhoun Co,* 133 Mich App 238, 240; 349 NW2d 150 (1982).

Taking all pleadings as true, we find that plaintiff's motion for summary disposition was properly denied on the bases that the statutory interpretation of defendant commission was reasonable and that further development of facts would not have established a ground for recovery by the plaintiff. The "person or persons" language of § 12(2) lends itself readily to the interpretation urged by plaintiff, but that language is irreconcilable with the language in the first sentence of that subsection of the statute that the examination is to be competitive. The trial court decided that "competitive"

means that two or more candidates would be involved, and we cannot find that it erred in that interpretation. *Bumbalough v Roseville Police & Fire Civil Service Comm,* 122 Mich App 306; 332 NW2d 425 (1982), is inapposite because the question in that case was whether the use of a standardized test given nationally could be competitive within the meaning of § 12 despite problems relating to its format and administration. The answer in that case turned on testimony concerning the predictive nature of that particular test. The trial court's denial of plaintiff's motion for summary disposition is affirmed. The motion for summary disposition in favor of defendant is also affirmed.

Affirmed.